### SCOTT v. STATE.

(Division B. May 8, 1939. Suggestion of Error Overruled May 22, 1939.)

[188 So. 546. No. 33595.]

**W. I. Munn**, of Newton, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

Argued orally by **W. I. Munn,** for appellant, and **W. D. Conn, Jr.,** for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Tom Scott, was indicted in the circuit court of Newton county for the murder of Richard McSwain, was placed on trial, convicted of manslaughter, and sentenced to serve a term of seven years in the state penitentiary; from which judgment he appeals here.

The only error complained of is that the testimony was insufficient to sustain a judgment of manslaughter. The evidence presents a case which is close on the facts; but taking all the evidence together, and drawing deductions therefrom, as the jury may do, we think it was sufficient to warrant the jury in finding the defendant guilty of manslaughter.

Prior to the killing the appellant had gone into the place occupied by McSwain, who was operating a small store in one of the rooms of his residence, and made demands upon McSwain for some money which the latter owed him. McSwain told him that he didn't have the money; and according to one of the witnesses Scott stated to him that unless he got his money within five minutes he had better not put his feet on the ground, or words to that effect. Another witness testified to the same remark, except that it was for fifteen instead of five minutes. The appellant came out of the door, and McSwain soon followed, as some of the witnesses testified, with an ice pick in his hand, and that the wife of McSwain, who was in the street, or

nearby, called to Scott that McSwain had an ice pick and was after him, and for him to run.

Two other witnesses who claimed to have been eye-witnesses, testified that on such warning or exclamation by McSwain's wife, Scott started to run, and fell in a ditch on the side of the street, that McSwain jumped on him, and that Scott shot him while down. Another witness, who was in the house when the shot was fired, running to the front, saw Scott get up from McSwain as he lay, shot through the breast, the bullet coming out after going through the body.

The marshal of the town of Newton was sent for, and he testified, in regard to the shooting of McSwain, that the deceased had no weapons except two small pocket knives, which had not been opened. The marshal, J. M. Wells, also testified that an ice pick was found in the street six or eight feet from where the shooting occurred.

McSwain's wife was not called, but there was testimony showing that Tom Scott and she were ''sweethearting,'' this testimony being introduced to show a motive. The witnesses who were in the store when the conversation occurred stated that there was no reference to this matter.

Taking the evidence for the state as true, and rejecting the testimony of the eyewitnesses, because contradicted in material respects—as the jury may do in case of conflict—we think the killing was unjustified, because the proof on behalf of the state tends to show, and if true does show, that the deceased was not attacking Scott with a weapon, and that Scott's life, in fact, was not endangered at the time of the shooting. That the evidence as to which one was on top at the time the shot was fired was also contradictory. It is, of course, the function of the jury to pass upon the credibility of the evidence; and where they find a verdict, the evidence justifying such verdict must be accepted as having been found worthy of belief by the jury.

The judgment will, therefore be affirmed.

Affirmed.