KOUVARAKIS, et al. v. HAWVER.

In Banc. March 27, 1950.

No. 37447 (45 So. (2d) 278)

Bidwell Adam and Howard McDonnell, for appellants.

R. B. Meadows, Jr., and Jo Drake Arrington, for appellee.

**Hall, J.**

Appellee recovered a judgment for $2,000.00 for personal injuries sustained by her when an automobile in which she was riding, driven by her husband, collided with a motor truck owned by appellant Kouvarakis and being operated at the time by his employee Watson admittedly in furtherance of his master's business.

Appellants contend first that the trial court erred in refusing to continue the case to a subsequent term for the reason that the members of the regular jury panel for the week were all drawn from three districts of the county and no member of the panel was from either of the other two districts. The record shows that the jury box was exhausted as to two of the districts, leaving only three districts from which the jury could be drawn. If there be any merit in appellants' contention the point should have been raised by a motion to quash, whereupon if such motion were sustained the court could have provided another jury for the week in the manner authorized by law, and a continuance of the case would not have been necessary. We are not to be understood, however, as holding that a motion to quash would have been well taken under the circumstances here disclosed, for by Section 1798 of the Mississippi Code of 1942 it is

provided that our jury laws are directory and not mandatory, and in Lott v. State, 204 Miss. 610, 37 So. (2d) 782, and in the numerous cases therein cited, it was held that a case will not be reversed unless there is a radical departure from the statutory scheme of summoning and impaneling juries.

The next assignment argued is that the court erred in refusing an instruction to appellants predicated upon the theory that the plaintiff's husband had no right to drive his car in the north lane of the south half of the highway, and the third assignment argued is that the trial court erred in granting an instruction to the appellee upon the facts of the case because appellants contend that appellee's husband was in the wrong lane of traffic at the time of the collision. For an understanding of these points it is necessary to briefly review the facts.

To the west of the light house in Biloxi, Miss., U. S. Highway 90 is a four lane thoroughfare running east and west. There is a neutral ground in the center of the highway. The north half of the highway is divided into two lanes for the accommodation of vehicles traveling to the west; the south half of the highway is also divided into two lanes for the accommodation of vehicles traveling to the east. At the east end of the four lane highway where it narrows down to a two lane highway continuing east, Porter Avenue, running north and south, intersects it. Plaintiff and her husband were traveling east. They desired to turn to the north, or to their left, into Porter Avenue and Mr. Hawver accordingly drove his car into the north lane of the south half of the highway before reaching the intersection and continued east at a speed of about 20 miles per hour. Watson, who was driving the truck, was also proceeding at about the same rate of speed to the east slightly ahead of Hawver, but continued to operate the truck in the south lane of the south half of the highway until he reached the intersection, whereupon he turned sharply to the left and in front of the Hawver automobile, in undertaking to make a left turn into Por-

ter Avenue, and as a result thereof the Hawver car struck the truck about its center. The foregoing facts are not in dispute. Watson testified that he gave a signal for a left turn, and this is denied by both Hawver and his wife. The jury decided that issue in favor of appellee. From this picture of the situation it is at once apparent. that Hawver was in the proper lane for a left turn and Watson was in the wrong lane. Section 8189 of the Mississippi Code of 1942 provides ". . . (b) Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof." The instruction requested by appellants was therefore properly refused, and there is no merit in the criticism which is aimed at appellee's given instruction.

Appellant Kouvarakis testified in his own behalf and on cross-examination was asked what kind of business he was engaged in operating. He readily admitted, without objection, that he was operating a drive-in restaurant and bar and used eleven employees in the conduct thereof. He was asked if he did not also operate slot machines, to which objection was made and the objection was sustained by the trial court. Thereupon appellants moved the court for a mistrial, which motion was overruled and the action thereon is assigned as error, the appellants contending that the question, though never answered, was highly prejudicial. Upon sustaining the objection the trial court admonished the jury to disregard the question "because it has no bearing on the case". We are of the opinion that no prejudice sufficient to require a mistrial was manifested by the mere asking of the question. The disclosure that appellant was operating a bar in violation of the law of this state did not apparently alarm him to the extent of sensing prejudice therein or prod him into objecting thereto. We do not perceive how a suggestion of slot machines could arouse any greater resentment in the mind of the jury than the frankly admitted operation of a bar, and, while we do not approve the development of the latter

fact or the effort to develop the former in the cross-examination, nevertheless we repeat that we do not think there was such prejudice as to justify a reversal of the lower court in refusing a mistrial.

Up to the time of the trial the appellee had expended approximately $205.00 for medical treatment on account of her injuries. Appellants requested an instruction limiting recovery for medical bills to this amount and its refusal is assigned as error. We find that the action of the trial court was correct because the instruction would have prohibited the jury from taking into consideration any medical expenses which appellee might reasonably be expected to have to pay in the future. Moreover, the damages awarded in this case were not large as will be next noted.

It is finally contended that the verdict is excessive. Appellee suffered a miscarriage and a severely injured ankle which disabled her for a long period of time, and she was still suffering from the latter injury at the time of the trial. After a careful consideration of the evidence on the question of damages we are of the opinion that the amount awarded is not excessive, and the judgment of the lower court is accordingly affirmed.

Affirmed.