RODGERS, Justice:
The appellant, Geneva E. Walker, brought suit against John H. Lamberson in the Circuit Court of Washington County, Mississippi, for damages growing out of an automobile collision. The jury returned a verdict in favor of the defendant, John H. Lamberson. Plaintiff has appealed to this Court, and contends that the judgment of the trial court should be reversed and remanded because of the following alleged errors.
After the plaintiff had testified as to how the accident occurred and had given a history of her injury, including other injuries so as to indicate the extent of her damages, she was asked about her previous medical history, including psychiatric treatment. During the cross-examination the witness revealed that she was laboring under an apprehension that certain medical doctors were trying to put her under stress for the purpose of putting her in a mental institution.
The appellant has cited some of the cases where we have followed the general rule holding that irrelevant matters cannot be gone into or introduced into evidence on cross-examination of a witness. See: Tippit v. Hunter, 205 So.2d 267 (Miss.1967); Rayner v. Lindsey, 243 Miss. 824, 138 So. 2d 902 (1962).
We are of the opinion, however, that this evidence was relevant in this case for the following reasons: the medical history of the appellant had been given in depositions filed in the case, including other injuries and mental treatment of the appellant. The cross-examination of the plaintiff in this area was proper. Moreover, the testimony of the appellant indicated that she was in the center lane of traffic while other witnesses contended that she was on the shoulder of the road at the time she began to turn across two lanes of traffic. The evidence was admissible as to whether or not she was in mental contact with reality.
In an effort to prove her apprehension that certain doctors were trying to put her under stress she produced a letter which did not sustain her statement. She also testified that she often fell because she was dizzy. She was then asked whether or not this situation caused people to accuse her of the use of alcohol. She replied that it did. The appellant objected to the evidence and the court sustained the objection and directed the jury to disregard the question and answer with reference to the use of alcohol. We cannot agree that this testimony was irrelevant because it must be remembered that the appellant here was suing for injuries to her person as a result of an automobile accident, and, therefore, any evidence tending to show that any part of her injury may have occurred as a result of some other cause was relevant. Moreover, the appellant did not request a mistrial after the court had sustained her objection. Cf. Lyle v. Johnson, 240 Miss. 154, 126 So.2d 266 (1961); Kouvarakis v. Hawver, 208 Miss. 697, 45 So.2d 278 (1950); Mars v. Hendon, 178 Miss. 157, 171 So. 880 (1937); Herndon v. Henderson, 41 Miss. 584 (1868).
The appellant also contends that three instructions given to the jury for the defendant were peremptory in nature, but we have carefully examined these instructions in the light of the testimony with reference to each statutory duty outlined in the instructions and are of the opinion that, if there is error in the granting of these instructions, it is not reversible error. Miss.Supp.Ct. Rule 11.
Affirmed.
ETHRIDGE, C. J., and BRADY, SMITH and ROBERTSON, JJ., concur.