278 So.2d 420 (1973)
Pat CAMPBELL
v.
STATE of Mississippi.
No. 47326.
Supreme Court of Mississippi.
May 21, 1973.
*421 Henry L. Tillman, Pascagoula, Miss., for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
The appellant Campbell and Robert L. Dearman were jointly indicted for robbery. Following a severance, appellant was convicted in the Circuit Court of Jackson County and sentenced to ten years in the state penitentiary. We affirm.
On February 16, 1972, James W. Krepps, a sailor stationed aboard the U.S.S. Gato at Pascagoula, Mississippi, had been drinking at a local bar. When the time came for the bars to close within the city limits, Krepps caught a ride with two men in a green pickup truck, neither of whom he could identify at the trial, who offered to carry him to a bar out in the county where they could continue their drinking. The driver of the truck drove to a place upon a highway where they stopped and a fight took place between Krepps and appellant and Dearman. After taking between $35 and $40, his watch, wallet, belt and shoes, the defendant and his accomplice left Krepps stranded at the scene. Krepps then walked to the nearby residence of J.B. Morgan who immediately notified the sheriff's department. Morgan described the victim as being a bloody mess and barefooted.
Sheriff's deputies were dispatched immediately to the Morgan home and Deputy Sheriff Ledbetter arrived there at about 1:21 a.m. Krepps gave a description of the truck to the officer and told him that it was occupied by two white males. Deputy Ledbetter put this information on the police radio between 1:30 and 2:00 a.m., and shortly thereafter, in response thereto, was advised that a truck fitting the description had been located at an apartment complex in Pascagoula by Deputy Sheriff Johnson. Krepps, after being taken to the local hospital and released, was taken to the apartment complex by Deputy Ledbetter. Upon arriving at the apartment building, Krepps pointed out the truck from a number of other cars and trucks parked in the vicinity of the building.
It was further developed by testimony that Deputies Johnson and Byrd had stopped this same truck earlier that morning at approximately 1:17 a.m. because the truck was weaving along the highway as if the driver was either slightly intoxicated or having mechanical trouble. Upon stopping the truck, they observed that both occupants were muddy and that appellant had blood on his arms and clothing. However, the appellant explained to the officers' satisfaction that there was slack in the steering mechanism and his condition the result of extricating the truck which had been stuck. Nevertheless, the officers routinely made a note of the time of the incident, the description of the truck, its tag number and appellant's name and address. The address later proved to be false, but was within a few blocks of where the appellant was located and arrested.
Based on the information given by Krepps as to the identity of the truck and his description of its occupants as two white males, the muddy and bloody condition of the occupants as observed by officers who stopped the truck, and the later identification of the same truck by the license tag number taken by the officers when it was stopped, a John Doe warrant was obtained for the arrest of the appellant and Dearman. While other officers were dispatched along with Krepps to get the John Doe warrants, Deputy Johnson watched the rear of the apartments to prevent an escape. While doing so he observed a window screen on the ground and a pair of pants hanging from the roof directly above the window from which the screen had been pushed. At about this same time, Deputy Byrd and another officer, while walking around the building and knowing that the victim's shoes and belt had been taken, observed similar objects in *422 an open garbage can outside of the apartment building. Krepps later identified them as items taken from him.
When the officers returned with the John Doe warrants for the arrest of these suspects, Officers Johnson and Byrd went into the apartment building and arrested appellant and Dearman whom they recognized as the occupants of the truck which they had stopped earlier. After making the arrest, Deputy Johnson went to the bathroom window to recover the clothing which they had earlier observed hanging from the roof. When he turned to step down from the windowsill, he noticed and retrieved from the commode nine $1.00 bills and thirty cents in change. However, this money was not offered into evidence.
While testifying in his own defense, the appellant admitted that he and Dearman had given Krepps a ride and that a fight had ensued after they became engaged in an argument, but he denied robbing or taking anything from the victim. He admitted that he and Dearman hurriedly cleaned up when they observed the officers outside of the building as well as throwing the pants onto the roof, but denied any knowledge of the money in the commode or items found in the garbage can.
The questions before this Court are:
(1) Did the lower court commit error in admitting into evidence, over defendant's objection, the clothing of the appellant which was found hanging from the roof and the belt and shoes which were found in the garbage can outside of the apartment building where appellant was arrested, all of which was obtained without a search warrant?
(2) Was the verdict against the overwhelming weight of the evidence?
In considering the first assignment of error, we find the record vague as to whether there was, in fact, a detailed search of the apartment by the officers after the suspects were arrested. But, even if there was a search of the apartment, the items of evidence which were introduced and objected to, and which are the subject of the first assignment of error, were not obtained by such search. The objected to evidence was in plain and open view of the officers from the ground on the outside of the apartment building and was observed by the officers before they ever went into the apartment to make the arrest. The officers had a right to be where they were at that time and were not trespassing on the defendant's property. After making the arrest, the officers went directly to the bathroom window to retrieve the items of clothing hanging from the roof. This clothing was introduced into evidence for the purpose of showing an interchange of fibers between them and the clothing worn by the victim at the time of the incident.
It has long been settled that objects falling in the plain view of an officer who has the right to be in the position to have that view are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069 (1968). Under similar circumstances as presented in this case, we have held in numerous cases that there is in fact no search to be complained of. Kent v. State, 241 So.2d 657 (Miss. 1970); Nobles v. State, 241 So.2d 826 (Miss. 1970). Similar conclusions were reached in United States v. Atkinson, 450 F.2d 835 (5th Cir.1971); Walker v. Beto, 437 F.2d 1018 (5th Cir.1971); Agius v. United States, 413 F.2d 915; Rehearing denied, 417 F.2d 635; Certiorari denied, 397 U.S. 992, 90 S.Ct. 1116, 25 L.Ed.2d 399 (5th Cir.1969).
With reference to the belt and shoes of Krepps which were found in the trash can outside the building where the appellant was arrested, there is no reasonable basis upon which appellant can assert a violation of his constitutional rights based on an unlawful search and seizure. In United States v. Jackson, 448 F.2d 963, 971 (9th Cir.1971), that Court said:
The other items seized at the motel and later received in evidence were taken *423 from a trash can outside Rooms 19 and 20. What a person knowingly exposes to the public is not a subject of Fourth Amendment protection. Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). When defendants placed articles in this public trash can outside the room, they surrendered their privacy with regard to those articles. See United States v. Minker, 312 F.2d 632, 634 (3rd Cir.1962). See also, Wattenburg v. United States, 388 F.2d 853, 857 (9th Cir.1968).
We therefore hold that the learned trial judge properly overruled appellant's objection to the introduction of the items in question for the reasons above stated.
The appellant's second assignment of error that the verdict was contrary to the overwhelming weight of the evidence is without merit. This case was very ably presented by both sides and presented a classic question to be determined by the jury. They were under no duty to believe the defendant but could give his testimony such weight and worth as was warranted in the light of all the evidence presented. See, Cromeans v. State, 261 So.2d 453, 457 (Miss. 1972), and authority cited therein.
We are of the opinion that the jury had ample evidence before it upon which to base its verdict and that the trial court properly overruled appellant's motion for a new trial. As said in McLelland v. State, 204 So.2d 158, 164 (Miss. 1967):
[T]he jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. This wise rule applies with equal force to the State's witnesses and to the defendant's witnesses, including the defendant himself. We have repeatedly held that the jurors may accept the testimony of some witnesses and refuse that of others, and that they may accept in part and reject in part the evidence on behalf of the State and on behalf of accused. Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946). It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief. Matthews v. State, 243 Miss. 468, 139 So.2d 386 (1962); Scott v. State, 185 Miss. 454, 188 So. 546 (1939).
It is obvious that this Court cannot set aside a verdict of guilty unless it is clear that the verdict is the result of bias, prejudice or fraud, or is manifestly against the weight of credible evidence. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963); Henderson v. State, 187 Miss. 166, 192 So. 495 (1939). Furthermore, all the proof need not be direct and the jury may draw any reasonable inferences from all the evidence in the case. Woodward v. State, 180 Miss. 571, 178 So. 469 (1938), overruling suggestion of error, 180 Miss. 571, 177 So. 531.
The judgment of the lower court is hereby affirmed.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.