GILLESPIE, Chief Justice.
Billie Mae Baberson was convicted by the Circuit Court of Clay County of manufacturing a controlled substance (marijuana) and was sentenced to serve ten years in the penitentiary and to pay a $5,000 fine. She appeals to this Court and says that the trial court committed reversible error in admitting into evidence certain marijuana plants which were found in the back yard of her residence.
The facts giving rise to Baberson’s arrest and conviction are as follows. On February 15, 1974, Officers Sam McNeel and Sam Hollingsworth of the Clay County Sheriff’s Department went to Baber-son’s house to arrest her pursuant to an arrest warrant issued by a justice of the peace in Lowndes County. Upon arriving at her house, the officers went upon the front porch, knocked, and called her, but received no answer. Officer McNeel then left the front porch and proceeded to the back of the house, where he also failed to get an answer; therefore the arrest warrant was not served. But while going around to the back, he observed, in plain view, what appeared to be marijuana plants in three tin tubs. He then called Officer Hollingsworth, who had remained on the front porch, and the two of them agreed that the plants were indeed marijuana plants. They did not confiscate the plants then, hut decided to get a search warrant. Pursuant to this end, they left the premises and conferred with Bill Ladd, who, along with Sam McNeel, signed the affidavit for the search warrant. The officers stated in the underlying facts and circumstances in support of the affidavit that they went to Baherson’s house to question her about a murder in Neshoba County. However, as has already been stated, they testified at the trial that their purpose for going to the house was to serve an arrest warrant on her. In any event, the officers obtained a search warrant, returned to the premises, confiscated the marijuana, arrested Baberson, and charged her with the offense for which she was convicted.
Baberson argues that the marijuana was erroneously admitted into evidence against her because it was seized pursuant to a search warrant, supported by either false information, or information obtained by the officers when they were trespassers *760 upon her property. Additionally, she argues that the underlying facts and circumstances submitted in support of the affidavit were insufficient to justify the issuance of a search warrant.
As we view the case, the dispositive issue is whether the officers' initial entrance upon the premises was legal, for it follows that if their entrance was legal, they had a right to confiscate the marijuana, which was in plain view, without first obtaining a search warrant.
Officer McNeel testified clearly that he and Hollingsworth went to Baberson’s house to serve her with an arrest warrant from Lowndes County. Baberson makes no claim as to the invalidity or the nonexistence of the arrest warrant. (The warrant was introduced into evidence on the motion to suppress, but not in the case in chief.) Rather, argument is made that if the officers came to her house to execute an arrest warrant as testified to at the trial, then they could not have come to talk to her about a murder in Neshoba County, as stated in the underlying facts and circumstances supporting the affidavit for the search warrant. It suffices to say that the two statements are not mutually exclusive of each other. Thus, there being no evidence that the arrest warrant was illegal or invalid, it follows that the officers were legally on the premises and were entitled to seize the marijuana plants which were in plain view. It also follows that the legally seized marijuana was properly admitted into evidence during the trial. Campbell v. State, 278 So.2d 420 (Miss.1973).
Accordingly, the judgment of the trial court is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.