WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Harrison County wherein the appellant, John Henry Luvene, was indicted and tried for the crime of rape. Upon conviction the court sentenced the appellant to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections.
The evidence offered by the State was in direct conflict with the testimony of appellant.
The crime occurred on a late Saturday evening in July, 1983 in Biloxi, Mississippi. The victim, who was employed at a local pizza restaurant, left work between 10:00 and 11:00 p.m. to walk a distance of one and one-half to two miles where she planned to meet her fiancé at a Pizza Inn to get a ride home. While walking on Pass Road in Biloxi, a black male driving an old orange sports car stopped and offered her a ride. After refusing the ride the young man continued to follow her in his car. She advised him again to drive on and he left. As she approached Highway 90 she again saw the same car pass through a nearby parking lot. She crossed Highway 90 and walked on the sea wall toward the Broadwater Marina.
When she was a few feet from the marina she was grabbed from behind and fell. She screamed and the male, whom she identified as the appellant and as the man who had offered her a ride, placed his hand over her mouth. She was forced to lay in the sand with her arms stretched out. The appellant placed sand in her eyes and threatened to cut her throat if she did not stop screaming. He beat her with his “open handed fists” about the face and shoulders. She described him as being drunk and smelling of alcohol. She pleaded with him not to hurt her but to take her money. He informed her he did not want her money but wanted sex.
The victim described the horrid details of her attack to the jury. After she was forced to undress the appellant forced her to not only succumb to his sexual assaults during which she was forced to assume various positions but also forced her to twice perform oral sex on him. Throughout the incident he threatened to kill her if she did not please him. During the ordeal she had dropped her purse and her sun visor with the name of the restaurant where she worked written on it.
This eighteen-year-old victim was then told to put on her clothes and both she and the appellant walked across Highway 90 to a Spur service station. After the appellant got a coke she asked him for a dime to call a cab. While waiting for a cab he asked her for her phone number and she gave him her work number. He told her that he was sorry and she also wrote down the name of her minister. She testified that she obliged him by writing down her phone number as he had threatened her and she wanted to do whatever she could to get away. When the appellant questioned her as to how she would explain the bruises on her face, she informed him she would claim that she and her brother had gotten into a fight.
After getting in the cab she informed the driver she had just been raped and asked him to take her to the Pizza Inn. When they arrived the cabbie went inside and got her financé who drove her to the hospital.
The police officers investigating the scene found her visor and some articles which had fallen from her purse. After securing a description of the victim’s attacker as well as his clothing, the appellant was arrested the following day.
The testimony of the appellant was in direct conflict with that offered by the state. He does not deny engaging in intercourse with the victim but alleged it was with her consent.
He testified that on the day in question he had been to a ballgame and had visited *325 with a friend who lived off Pass Road. He claimed he had a little bit of beer to drink. After leaving his friends between the hours of 9:00 and 10:00 he drove to the beach near the Broadwater Marina. He sat there approximately 15 to 30 minutes when he was startled by a young girl who was walking in the sand toward him. Appellant was 28 years of age at the time. He asked the girl if she had a minute and she said “sure.” They entered into conversation and walked toward the beach. He described her as depressed and thought she was upset with her brother. He also later testified that he understood that she had a fight with her fiancé. The appellant became tense when the young girl unexpectedly placed her arm on his shoulder.
According to the appellant the victim initiated the conversation about having sex, using terms he did not understand and she also mentioned having oral sex. He consented to have sex with her after which she dressed and they proceeded together across Highway 90 to a local service station. She asked him to call a cab for her and he did. He asked for her phone number which she wrote down. He had no idea why she wrote down her minister’s name as well. He noticed that she had a mark on her face but only one mark which appeared to be a scratch. After the cab arrived she got in the cab and waved goodbye.
On appeal the appellant contends the court committed error in overruling his objection to the admission of photographs of the victim’s face as such photographs were prejudicial, inflammatory and utterly without probative value. Appellant notes that he did not object to the admission into evidence of one photograph but that the introduction of four photographs obviously had a cummulative effect and exaggerated in the minds of the jurors the gruesome appearance of the complaining witness.
In Stevens v. State, 458 So.2d 726 (Miss.1984) we succinctly restated the law with regard to the introduction of photographs as follows:
Admissibility of photographs rests within the sound discretion of the trial judge and will be upheld absent a showing of abuse of discretion. Edwards v. State, 413 So.2d 1007 (Miss.1982); Steed v. State, 396 So.2d 625 (Miss.1981); Irving v. State, 228 So.2d 266 (Miss.1969). The fact that a photograph of the deceased in a homicide case might arouse the emotions of jurors does not of itself render it incompetent evidence as long as its introduction serves some useful evi-dentiary purpose. Butler v. State, 320 So.2d 786, 789 (Miss.1975); May v. State, 199 So.2d 635, 640 (Miss.1967). This Court has upheld, as serving legitimate evidentiary purposes, the admission of photographs depicting the location of wounds, Clingon v. State, 293 So.2d 823 (Miss.1974); corroborating the type of weapon used, Mallette v. State, 349 So.2d 546 (Miss.1977); establishing the identity of the victim, Steed v. State, 396 So.2d 625 (Miss.1981), tending to show the extent of force and violence used. Dose v. State, 356 So.2d 1179 (Miss.1978).
458 So.2d at 729. See also Kelly v. State, 463 So.2d 1070 (Miss.1985); Swanier v. State, 473 So.2d 180 (Miss.1985).
We are of the opinion that the introduction of the photographs did serve some useful evidentiary purpose. They not only exemplified the extent of force used in the commission of the crime but also corroborated the testimony of the victim.
The appellant’s contention that it was unnecessary to introduce the photographs since the record was replete with references by the complaining witness to threats, violence and other abuse received at the hands of her assailant is also without merit. The mere fact that a photograph may be cummulative of other evidence does not extinguish its probative value. Tubbs v. State, 402 So.2d 830 (Miss.1981).
Appellant’s second assignment of error is that the court erred in overruling his motion for a judgment notwithstanding the verdict or, alternatively, motion for new trial, on the basis that the verdict of guilty was contrary to the overwhelming *326 weight of the evidence. However, the lower court cannot be held in error on a matter which was not properly presented to it for decision. In order to contend on appeal that the verdict is contrary to the overwhelming weight of the evidence, the appellant must have first presented this issue to the trial court in a motion for a new trial or J.N.O.V. Christian v. State, 456 So.2d 729 (Miss.1984); Ponder v. State, 335 So.2d 885 (Miss.1976).
Assuming arguendo this contention was properly preserved for appeal, the facts clearly presented a classic jury issue on the weight of the evidence. The appellant in his brief contends that his conviction should be reversed as the testimony of the complaining witness was so inherently incredible and contrary to common knowledge and experience as to be violative of the laws of human nature.
In Smith v. State, 463 So.2d 1102 (Miss.1985) finding the facts presented a classic jury issue, we said:
We have often stated that where the testimony is in conflict, the jury is,the sole judge of the weight and worth to be given that testimony. They may believe or disbelieve, accept or reject the utterance of any witness. Groseclose v. State, 440 So.2d 297 (Miss.1983); Gathright v. State, 380 So.2d 1276 (Miss. 1980).
463 So.2d at 1103.
Furthermore in Campbell v. State, 278 So.2d 420 (Miss.1973) we stated:
The appellant’s second assignment of error that the verdict was contrary to the overwhelming weight of the evidence is without merit. This case was very ably presented by both sides and presented a classic question to be determined by the jury. They were under no duty to believe the defendant but could give his testimony such weight and worth as was warranted in the light of all the evidence presented.
It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief.
278 So.2d at 421.
In the case before us the jury accepted the evidence offered by the state as true rejecting that of the appellant.
Finding no error in the court below, we affirm.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.