483 So.2d 1335 (1986)
Lee Muriel HEMMINGWAY
v.
STATE of Mississippi.
No. 56073.
Supreme Court of Mississippi.
February 19, 1986.
Kenneth C. O'Neal, Grenada, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Lee Muriel Hemmingway appeals his conviction of manslaughter and sentence of fifteen (15) years in the custody of the Mississippi Department of Corrections.
Hemmingway lived at the home of Henry Taylor in Grenada, Mississippi. On June 1, *1336 1984, the series of events that culminated in this appeal took place. Henry Taylor, his wife, Bobbie, Marilyn Spearman, Hemmingway and his brother, Dewayne Hemmingway, were all present at the Taylor residence. Some four or five weeks earlier, Henry Taylor had stabbed Hemmingway in the back some four or five times.
Bobbie, Marilyn and Dewayne decided to go to the store when Henry came to the car and said he wanted to go to a cafe. Bobbie got out of the car and returned to the house. Both Henry and Hemmingway had been drinking.
Dewayne tried to get Henry out of the car. Hemmingway was standing by the car with a butcher knife in his hand, and preventing Henry from leaving the vehicle. Alarmed, Dewayne turned and called Bobbie to come back out. When Dewayne turned around, Henry was out of the car claiming that Hemmingway had stabbed him. Henry collapsed at the front door of the car. Hemmingway walked around, stomped in Henry's blood, then threw the knife behind the house. When the police arrived, Hemmingway flagged the officer down and told him that he was the one that did it.
At the police station, Hemmingway was advised of his Miranda rights, and gave a confession.

I.

WAS IT ERROR TO OVERRULE HEMMINGWAY'S MOTION TO SUPPRESS HIS STATEMENT?
As the prosecution had no eyewitnesses to the actual stabbing, Hemmingway claims the admission of his statement was particularly prejudical. Confessions tend to have an adverse effect on defendants in criminal prosecutions. Hemmingway claims that because he was intoxicated he was not in control of his faculties, that he was in a state of mania, and that he did not know what he was saying and that, therefore, he could not have freely, voluntarily and intelligently waived his constitutional rights when he gave his statement.
A suppression hearing was had. The question of an intelligent, knowing and voluntary waiver is essentially a fact question to be determined by the judge from the totality of the circumstances. Neal v. State, 451 So.2d 743 (Miss. 1984). Many times we have discussed the degree of intoxication and its effect upon the admissibility of a confession. Stevens v. State, 458 So.2d 726 (Miss. 1984); Kemp v. State, 352 So.2d 446 (Miss. 1977); Moore v. State, 237 So.2d 844 (Miss. 1970); and State v. Williams, 208 So.2d 172 (Miss. 1968).
Upon the totality of the circumstances of this record, the trial judge was justified in finding that there was on Hemmingway's part a free, voluntary and intelligent waiver of constitutional safeguards when the statement was given.

II.

WAS IT ERROR NOT TO REQUIRE THE PROSECUTION TO PRODUCE ALL OF THE WITNESSES TO HEMMINGWAY'S STATEMENT AT THE SUPPRESSION HEARING?
Three officers were present when Hemmingway gave his statement. At the suppression hearing, the prosecution only called one of them to testify. After the state rested, Hemmingway put on no evidence in his own behalf.
Hemmingway urges upon us the case of Agee v. State, 185 So.2d 671 (Miss. 1966), and in so doing administers the coup de grace to his position on appeal. He correctly discerns that Agee is controlling on this issue but fails to comprehend the impact of Agee upon his argument. In Agee, we said:
The State has the burden of proving the voluntariness of a confession. This burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness. *1337 Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959). When objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury. Lee v. State, supra, is also authority for the proposition that when, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. See also Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).
185 So.2d at 673.
The prosecution made out a prima facie case. The appellant did nothing but raise the issue through his attorney. This is not sufficient to require the prosecution to produce all of the witnesses to the statement. There is nothing for them to rebut as the prima facie showing has not been overcome.

III.

WAS IT ERROR TO LET THE JURY HEAR IRRELEVANT BUT PREJUDICIAL TESTIMONY ABOUT AN EARLIER OCCASION ON WHICH HEMMINGWAY WIELDED A KNIFE?
Bobbie testified that on the day of the stabbing Hemmingway and his brother Dewayne were arguing about a watch, and Hemmingway grabbed a knife. Bobbie told the brothers to stop, and Hemmingway replied that they were just kidding.
Bobbie was then asked how Hemmingway was holding the knife. There was an objection on the grounds of relevancy. The trial judge reserved his ruling and ultimately never ruled at all upon this objection. This assignment of error fails for three reasons: (1) The brief cites no authority in support of the argument; Redmond v. State, 457 So.2d 1344 (Miss. 1984). (2) There was no ruling by the trial court and, therefore, nothing preserved for review by the appellate court; Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963). (3) On the cross-examination of both Bobbie and Dewayne, Hemmingway pursued the inquiry into this incident. He therefore made as full a record as he chose to make in the presence of the jury.

IV.

DID THE JURY HEAR PREJUDICIAL HEARSAY TESTIMONY?
When Bobbie Taylor was on the witness stand, she was asked what happened next, and she replied, "Dewayne called me, said, come here, Bobbie Dale, quick! Says, Lee Muriel done stobbed... ." An objection on hearsay grounds was made. The prosecutor replied that the statement was not offered for the truth of the matter asserted and was a part of the res gestae.
Again no authority is cited to support this assignment of error, and under Redmond, supra, we need not address it.
Res gestae evidence admissibility is largely a matter of the trial court's sound discretion at any rate. Merchants Co. v. Hutchinson, 186 So.2d 760 (Miss. 1966). Allowing this statement into evidence reaches toward the far frontier of sound discretion, but it is not an abuse.
We draw attention to the passing into history of the res gestae exception. In all cases tried after January 1, 1986, the effective date of the Mississippi Rules of Evidence, this rule will no longer be available to litigants. Miss.R.Evid. 803, see comment (1).
The conviction and sentence stand affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.