519 So.2d 1226 (1988)
Percy Lee DIXON
v.
STATE of Mississippi.
No. 57495.
Supreme Court of Mississippi.
February 17, 1988.
*1227 Minor F. Buchanan, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Samuel W. Keyes, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
Percy Lee Dixon appeals to this Court his conviction of rape and sentence to serve twenty-five years with the Mississippi Department of Corrections by the Hinds County Circuit Court. Appellant has assigned four errors for review. Finding these assignments to have no merit, we affirm.

I.
On October 10, 1976, the prosecutrix, a seller of Avon products, approached and entered the apartment of the appellant around 6 o'clock in the evening. She was met by Aroneta Gray, Dixon's girlfriend. The prosecutrix was there to collect money for some men's cologne she had sold to Dixon several weeks prior to that date. Upon being informed that Dixon was not home, the prosecutrix left to deliver another Avon order and returned later in the evening. At this time, appellant was at home. Apparently, Gray was no longer there.
The prosecutrix requested money from Dixon owed to her and was told he didn't have any. Dixon then proceeded to put his hands on her knees and requested a date from her, to which she replied in the negative. She attempted to leave, but was forcibly taken to his bedroom and raped. In the course of the struggle, she knocked over and broke his T.V., to which appellant himself testified later.
Dixon threatened to choke the prosecutrix, and when she started screaming he then threatened to kill her. He put a pillow over her face and raped her. Earlier he mentioned he had a shotgun in the house.
The prosecutrix testified at trial that she had sold Avon products to appellant in the past and had visited his home on several occasions in delivering these items and collecting money.
After leaving the appellant's apartment, the prosecutrix went home and called a friend, who recommended that she call the rape counselling service. She took a cab to the hospital and met the rape counsellors that same evening. The police arrived while she was in the examination room.
Testimony by Dr. Joel Payne, the resident physician at the University Medical Center in Jackson on the night the prosecutrix was admitted established that tests indicated sperm present in her and an acid phosphatase showed positive. He also observed other evidence of recent injury to the victim's body including scratch marks on her right nostril and a similar one over her left cheek.
*1228 Following Dr. Payne's testimony, the state rested. Dixon made a motion for a directed verdict, which the court overruled.
Dixon testified in his own behalf claiming that the prosecutrix had in fact consented to engaging in sexual activity. He alleged her reason for doing such was that she had told his girlfriend she owed money to Avon and had sex with Dixon for $20.00, which Dixon did not pay.
In support of his statement Dixon presented testimony in his behalf by two (2) witnesses: the deposition of Calvin White, manager of the apartment in which Dixon lived, and that of Gray. White stated that he had not heard any noise coming from Dixon's apartment on the night the rape occurred despite the fact that the walls were far from soundproof.
Gray's statement supported Dixon's testimony that the alleged rape was actually a transaction for money.
In response to White's deposition, the State presented evidence that the witness had previously been convicted of three false pretense violations, and copies of such were admitted as general exhibits.
Both the defense and the State rested, and following deliberation the jury returned a guilty verdict. The court sentenced Dixon to serve twenty-five years in MDC, and aggrieved, Dixon has filed this appeal.

II.
In his first error assigned, Dixon alleges the verdict of the jury is against the overwhelming weight of the evidence, the lower court erred in failing to grant his motion for directed verdict, and the lower court erred again in denying his renewed request for peremptory instruction.

A.
When reviewing the refusal of a trial court to grant defendant's motion for directed verdict, our standard is this:
In passing upon a motion for directed verdict or peremptory instruction in a criminal case, courts must assume that all evidence for the state is true and that all reasonable inferences that may be drawn from the evidence are true, and, if from all the testimony there is enough in the record to support a verdict, motion should be overruled.
Barker v. State, 463 So.2d 1080 (Miss. 1985); Warn v. State, 349 So.2d 1055 (Miss. 1977); Rich v. State, 322 So.2d 468 (Miss. 1975); Roberson v. State, 257 So.2d 505 (Miss. 1972).
We are of the opinion that the evidence in the case sub judice presented a guilt issue for the jury and the lower court was not in error in overruling the motion for directed verdict.

B.
Although appellant argues error in the lower court's denial of his renewed motion for peremptory instruction allegedly found in the record before us, no such motion can be found. Therefore, we need not consider such on appeal.

C.
Lastly, appellant would have us reverse his conviction for being against the overwhelming weight of the evidence. Dixon did file a motion for new trial on the ground that the verdict was against the overwhelming weight of the evidence. With respect to this issue we have held that
The question of whether a guilty verdict is against the overwhelming weight of the evidence cannot be raised for the first time on appeal unless the evidence wholly fails to sustain the charge in the indictment and the record contains no evidence which would support the conviction.
Medious v. State, 375 So.2d 405 (Miss. 1979).
Further, we have held that the jury is the sole judge of the weight and credibility of the witnesses, and the reviewing court cannot set aside a verdict unless it is clear that the verdict is a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963).
*1229 Nothing in appellant's argument is convincing that the jury verdict is "manifestly against the weight of credible evidence." Id. The testimony of the prosecutrix clearly establishes that Dixon "did unlawfully, wilfully, feloniously and forcibly rape and ravish" her, as required to be proven beyond a reasonable doubt, and the authority of weighing appellant's testimony to the contrary lay squarely within the realm of the jury.
There is no merit to this last contention.

III.
Next appellant alleges error in the failure of the lower court to grant a mistrial due to prosecutorial misconduct in the form of improper comments made to the jury.
The exchange complained of took place during redirect and cross-examinations of the defendant concerning his release from jail after a preliminary hearing in the case. The district attorney, in response to the re-examination of Dixon concerning this release, established that bond had been posted to achieve this. Defendant promptly made objection, which the trial court sustained with instruction to the jury to disregard the district attorney's question. Motion for mistrial was then overruled.
Our review of the record here reveals no error. The remarks cited as error were instigated in response to Dixon's implication that his release from jail was due to the State's inability to present evidence sufficient to retain him in custody.
Further, we find no error where the jury is presumed, upon instruction, to disregard. Higgins v. State, 502 So.2d 332 (Miss. 1987); Arteigapiloto v. State, 496 So.2d 681 (Miss. 1986); Sand v. State, 467 So.2d 907 (Miss. 1985).

IV.
For the purposes of appellant's argument that the long delay between his conviction and time of granting his appeal denied him of his right to appeal said conviction and resulted in prejudicial delay to his case, Dixon sets forth a chronology of the events leading up to the action now before us. This list culminates in the inclusion of an order by this Court allowing Dixon an out-of-time appeal. The gist of that order addressed certain unique circumstances explaining the long and overdue delay in Dixon's appeal, and ultimately granted him the right to file his grievances.
We now have Dixon's appeal before us and accordingly we find no substance to this argument and no evidence prejudicial to his case herein. There is no merit to this contention.

V.
Lastly, Dixon appeals his conviction under the statute of his indictment, Miss. Code Ann. § 97-3-65 (1972). The statute in effect at the time of his conviction is this:
Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in case of murder. In all cases where the female is under the age of twelve years it shall not be necessary to prove penetration of the female's private parts where it is shown that the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her.
Miss. Code Ann. § 97-3-65 (1972).
Dixon claims that this statute unconstitutionally discriminates against males. Appellant argues the case of Tatro v. State, 372 So.2d 283 (Miss. 1979) in support of his proposition. In Jackson v. State, 452 So.2d 438 (Miss. 1984), the appellant therein had much the same argument to make. In affirming Jackson's conviction, we held the following:

*1230 Jackson's second argument is that the statute unconstitutionally discriminates against males. His principal authority is Tatro v. State, 372 So.2d 283 (Miss. 1979). In Tatro, we examined this state's "fondling" statute, Miss. Code Ann. § 97-5-23, since amended. See Chapter 387, Mississippi Law 1980, Miss. Code Ann. § 97-5-23 (1980 Supplement). Tatro, a male, appealed from his conviction under the statute which then provided that any male person above the age of 18 years, who for the purpose of gratifying sexual lust, handled, touched or rubbed with his hands a child under the age of 14, would be guilty under the statute.
In that case we found women as capable of "fondling" under the terms of the statute as easily as men, and that there was no rational basis to exclude women from its proscription. Citing United States Supreme Court decisions which had struck laws discriminating against men: Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979); and Craig v. Broen, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), we held that Miss. Code Ann. § 97-5-23 (1972), then in effect, was unconstitutional. We held the statute denied equal protection of the laws to males.

Tatro has no application to this case. It is the victim, not the accused, who must be a female under the wording of the present statute under consideration. Furthermore, by the very nature of the crime, it is the male who must make the criminal assault in order to sustain a conviction. In this case, by force and violence, Jackson was attempting to rape this little girl when he was stopped. As opposed to the fondling statute, there is no rational basis to attempt to apply Miss. Code Ann. § 97-3-65 to any female accused. See: State v. Zaehringer, 280 N.W.2d 416 (Iowa 1979); State v. Craig, 169 Mont. 150, 545 P.2d 649 (1976); and State v. Sluder, 11 Wash. App. 8, 521 P.2d 971 (1974).
452 So.2d at 440.
This same argument in Jackson is equally applicable in the case at bar.
There being no merit to his or any of the previously assigned errors, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.