Gibson was indicted and convicted pursuant to Miss. Code Ann. §97-3-7(2) (Supp. 1974) which provides in pertinent part:
 A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; . . . Provided, however, a person convicted of aggravated assault (a) upon a . . . law enforcement officer . . . shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
Gibson argues that the evidence presented at trial is insufficient to support his conviction because: (1) Gibson never fired his weapon; (2) officer Cobb suffered no bodily injury; and (3) Gibson dropped his weapon when Cobb ordered him to, so that there was no attempt to cause officer Cobb bodily harm.
In the case at bar, the jury could have reasonably inferred that Gibson, who had both means and opportunity, was prevented from consummation by the extraneous acts of officers Cobb and McCaleb in pointing their firearms at him and by the act of Cobb ordering him to drop the pistol.
The facts in the present case demonstrate that officers McCaleb and Cobb observed Gibson point a loaded weapon at Cobb. This Court in Nelson v. State, 361 So.2d 343, 345 (Miss. 1978) held in part that "[r]egardless of what defendant intended when he pulled the pistol and pointed it at Green, his act of pointing a loaded pistol at Green manifested an extreme indifference to the value of human life, and clearly brings it within the statutory crime of aggravated assault."
In Wash v. State, 521 So.2d 890 (Miss. 1988), this Court addressed whether the jury verdict of guilty should be overturned because it was against the weight of the evidence. The Court, in emphasizing the limitations upon its scope of review of a finding of fact made by the jury, said, "`the jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict.'"Id. at 896 (quoting Billiot v. State, 454 So.2d 445, 463 (Miss. 1984)). Put another way, "the reviewing court cannot set aside a verdict unless it is clear that the verdict is a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence." Dixon v. State, 519 So.2d 1226, 1229 (Miss. 1988); Marr v. State, 248 Miss. 281, 159 So.2d 167
(1963). *Page 1272 
Essentially the appellant is asserting that the trial court erred in overruling the Motion for New Trial or in the Alternative for JNOV. Under the law in Mississippi, "the trial judge should set aside a jury's verdict only when in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence." Burt v.State, 493 So.2d 1325, 1328 (Miss. 1986) (citing Pharr v.State, 465 So.2d 294, 302 (Miss. 1984)); May v. State,460 So.2d 778, 781 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). This Court
 will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. [citation omitted] Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.
Pharr, 465 So.2d at 302 (citing Groseclose v. State,440 So.2d 297, 300 (Miss. 1983)).
"[O]nce the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." Winters v. State,473 So.2d 452, 459 (Miss. 1985) (citing Fairchild v. State,459 So.2d 793, 798 (Miss. 1984); May v. State, 460 So.2d 778, 781 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983)). "[T]his Court will not reverse unless convinced the verdict is against the substantial weight of the evidence."Leflore v. State, 535 So.2d 68, 70 (Miss. 1988) (citingRussell v. State, 506 So.2d 974, 977 (Miss. 1987); Burt v.State, 493 So.2d 1325, 1328 (Miss. 1986) and Winters v. State,473 So.2d 452, 461 (Miss. 1985)).
Viewing the evidence in the light most favorable to the State, the evidence is sufficient beyond a reasonable doubt that appellant committed aggravated assault against law enforcement officer Cobb, by pointing and aiming a gun at this officer. Gunfire had occurred during the chase and immediately prior to the arrest.
After full consideration of the issues, this writer would find the evidence offered at Gibson's trial supports a conviction of aggravated assault upon a law enforcement officer. I would further find Gibson's sentence to be in accord with § 97-3-7(2). Therefore, I would affirm both Gibson's conviction and sentence.
JAMES L. ROBERTS, Jr. and SMITH, JJ., join this opinion.