502 So.2d 332 (1987)
Harold HIGGINS
v.
STATE of Mississippi.
No. 56843.
Supreme Court of Mississippi.
February 11, 1987.
*333 Travis Buckley, Ellisville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from a criminal conviction wherein Harold Higgins was tried and found guilty of the murder of Cynthia Higgins and sentenced to life imprisonment by the Circuit Court of Jones County.
We find no error sufficient to warrant reversal of this cause and therefore, we affirm the judgment of the circuit court.
On the afternoon of December 8, 1984, police were summoned to a trailer where they found the deceased, Cynthia Higgins, lying on her back in the kitchen/living room area of the trailer about three to three and a half feet from the door, with a large amount of blood around her head. There was also a large pool of blood in the hallway and a pistol lying next to it. The cause of death was a single non-contact gunshot wound to the "right orbit in the medial aspect of the eye".
The deceased had abrasions about her face and head, determined by the pathologist to have been inflicted within minutes prior to her death.
The appellant and Cynthia Higgins had been married and divorced at an earlier time. Several months before this incident the two resumed cohabitation but were not remarried. They had moved into a small travel trailer on appellant's grandfather's property four or five months prior to the shooting.
At trial, appellant claimed that he was working in the area just outside the trailer while Cynthia was inside the trailer attempting to repair a dresser. He went inside at one point and chided her about being slow in preparing dinner, but was only teasing. He noticed at that time that Cynthia had abrasions on her fingers and head which she said she had gotten while trying to fix the dresser. There was also a bruise on her forehead that appellant said she received while trying to replace a first aid kit on the top shelf of a closet.
Appellant said he went back outside and later heard Cynthia banging on something  apparently with the gun. He then *334 heard a shot and ran inside, finding Cynthia lying in the hall. He unloaded the gun and threw the bullets away. Appellant moved the body in an effort to administer CPR and went to summon help.
Deputy Harper testified that when he arrived at the scene of the shooting, appellant explained that he was outside the trailer when he heard a shot and went inside and found the body. He stated "I shouldn't have done it, but I picked the gun up." At that point the deputy advised the appellant of his Miranda rights and subsequently arrested him.
No prints of any value were found on the gun. However, a forensic scientist in firearms testified that tests indicated the gun used must first have been manually cocked and the trigger pulled fully to the rear in order to fire.
There was conflicting testimony regarding appellant's reputation for peace and violence in the community. One witness testified that she had seen appellant threaten Cynthia with a gun on three different occasions in the year prior to the shooting. Appellant denied ever having threatened Cynthia at all.
Following conviction, appellant assigned the following errors:

I. THE TRIAL COURT ERRED IN REFUSING INSTRUCTION D-2 REQUESTED BY THE DEFENDANT.
The appellant argues that the trial court erred in refusing Instruction D-2 which reads:
The court instructs the jury that verdicts cannot be based upon guess-work, speculation, surmise, conjecture, and mere possibilities.
The trial court denied this instruction on the basis that this direction was covered by Court Instruction C-02. We agree. Furthermore, appellant's counsel made no objection or argument to the contrary at the time of the ruling.
It is well established that the trial court is not required to give repetitious instructions. Griffin v. State, 494 So.2d 376 (Miss. 1986); Bunkley v. State, 495 So.2d 1 (Miss. 1986). This assignment is without merit.

NO II: THE TRIAL COURT ERRED IN REFUSING TO GRANT A MISTRIAL WHEN A WITNESS TESTIFIED THAT THE DEFENDANT HAD ASKED TO TALK TO HIS LAWYER PROMPTLY AFTER BEING ADVISED OF HIS MIRANDA RIGHTS.
During the state's examination of Officer Harper, he testified in the presence of the jury that in response to the Miranda warning given appellant, Higgins stated "I want to talk to my lawyer."
Appellant objected and moved for a mistrial. The trial judge overruled the motion but admonished the jury to disregard the officer's statement. In polling the jury, every juror responded he could and would do so.
Appellant cites Austin v. State, 384 So.2d 600 (Miss. 1980), wherein the prosecutor commented in closing argument on the fact that the defendant had refused to give law enforcement officers a statement following his arrest. The court held that evidence of post-arrest silence was improper, but found the error in that case to be harmless in light of the overwhelming evidence of appellant's guilt beyond reasonable doubt and upheld the conviction.
In Williams v. State, 445 So.2d 798 (Miss. 1984), the appellant argued that a mistrial should have been granted where a prosecution witness, (police officer) testified that the appellant stated that he wanted his attorney in response to questioning. This Court held that any resulting error was cured by the trial judge's admonition to the jury to disregard the remark.
This Court was also faced with a similar situation in Gray v. State, 472 So.2d 409 (Miss. 1985). In that case the witness testified that in response to questioning, the appellant stated he knew his rights and wasn't going to say anything. The appellant moved for a mistrial upon the offering of this testimony on grounds that the testimony constituted a comment upon his exercise of his Fifth Amendment right to remain *335 silent. However, he did not request, nor was he given a curative instruction at that time. This court determined the remark to be harmless error, since there was only a single reference made of Gray's intent to remain silent and the judge charged the jury at the conclusion of the trial that no adverse inference could be drawn from the defendant's silence.
In the case sub judice, as in Gray there was only a single reference by the witness to appellant's intention to remain silent. The court also admonished the jury to disregard the remarks and it is presumed the jury followed the instructions of the Court. Testimony was thereafter presented that appellant subsequently made statements to the police and consented to search of his premises. Moreover, the appellant testified during the course of the trial himself. In light of the circumstances, we hold that there was no resulting prejudice to the appellant and that the error was harmless.

ASSIGNMENT OF ERROR NO. III: THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S INSTRUCTION D-1.
The standard of review in granting or denying a peremptory instruction has been stated many times.
[T]he trial judge must consider all of the evidence  not just the evidence which supports the state's case  in the light most favorable to the state. May v. State, 460 So.2d 778, 781 (Miss. 1984)... . The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Glass v. State, 278 So.2d 384, 386 (Miss. 1973) ... . if there is substantial evidence opposed to the request or motion  that is, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions  the request or motion should be denied.

Gavin v. State, 473 So.2d 952 at 956 (Miss. 1985).
See also, Jenkins v. State, 483 So.2d 1330 (Miss. 1986); Weeks v. State, 493 So.2d 1280 (Miss. 1986).
The facts in this case have been outlined above but a summary of the state's evidence would show that (1) the deceased was shot with appellant's gun; (2) appellant moved the body and the gun from the original site; (3) appellant got rid of the bullets from the gun; (4) the deceased had several bruises and abrasions about the head, face and hand  inflicted near the time of death which were unaccounted for; and (5) appellant had threatened the deceased some months prior to the shooting.
The facts and inferences in favor of the state support denial of the peremptory instruction.

ASSIGNMENT OF ERROR NO. IV: THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF THE WITNESS KATHY C. DIANE HAMILTON OVER THE OBJECTION OF THE APPELLANT.
Appellant introduced four witnesses who testified that his reputation for peace and violence in the community was good. In addition, appellant testified himself that he had never threatened the deceased.
The prosecution in rebuttal introduced the testimony of Mrs. Hamilton which alleged the appellant's reputation for peace and violence in the community to be bad. She also stated that on three different occasions she had seen the appellant threaten the deceased with a gun. One of these events was alleged to have occurred a year earlier and the other two approximately six months earlier. Appellant argues that the questions asked of the defendant and now being rebutted are too remote and too general to allow sufficient cross examination.
This Court has held that the determination of whether a threat is too remote to be admissible is addressed to the sound discretion of the trial judge. Grooms v. State, 357 So.2d 292 (Miss. 1978); Parr v. State, 362 So.2d 634 (Miss. 1978).
*336 Appellant has failed to show any abuse of discretion by the trial court and therefore presents no grounds for reversal.

ASSIGNMENT OF ERROR NO. V: THE TRIAL COURT UNDULY LIMITED THE DEFENDANT IN CROSS EXAMINATION OF WITNESSES OFFERED BY THE STATE.
Appellant cites a number of instances wherein he was unduly restricted in his examination of the state's witnesses. We have examined the alleged errors and find that the questions were for the most part repetitious, irrelevant or required conclusions by the witnesses. The objections were properly sustained and the assignment is without merit.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.