GRIFFIS, P.J.,
for the Court:
¶ 1. Matthew Chester Tucker was convicted in the Coahoma County Circuit Court of attempted kidnapping. On appeal, Tucker argues that the trial judge committed reversible error when he allowed a photograph into evidence. We find no error and affirm.
FACTS
¶2. On September 15, 2008, Higgins Middle School football coach Joseph Furdge held football practice in Clarks-dale, Mississippi. Furdge and two of his players, Cedric LeFlore and Kimeon Butler, testified that they saw a tall white man with a bald head and a moustache grab a young girl by the arm in the parking lot near the football field. Butler testified that the man dragged the girl several feet toward his car. LeFlore testified that the car’s door was open. They described the car as a black four-door Saturn.
¶ 3. According to Furdge, LeFlore, and Butler, the girl screamed. The man then let her go and began to flee in his car. Furdge and several of his players ran after the car, and one of the faster players got close enough to get a look at the car’s license plate. The car had a license plate from Panola County, Mississippi. Furdge called 9-1-1 and described the man and his car.
¶ 4. Officer Jason Sims of the Clarksdale Police Department testified that on December 29, 2008, he heard over the radio that a traffic stop had been performed on a man in a car matching Furdge’s description. That man turned out to be Tucker. Officer Sims went to the scene of the traffic stop and asked Tucker a few questions. When asked why he was in Clarks-dale, Tucker stated that he was “driving around looking for women.” At that time or soon thereafter, photographs were taken of the interior of Tucker’s car. Those photographs were later admitted into evidence. One of the photographs shows that handcuffs were on the floorboard of Tucker’s car.
¶ 5. Officer Sims took Tucker to the police station and photographed him. A photographic lineup was produced and shown to Furdge and Butler, both of whom identified Tucker as the man who had grabbed the girl on September 15, 2008.
¶ 6. After Tucker had waived his rights, he made a statement to the police. He admitted that he was at the middle school’s football field on September 15, and he admitted that he is often sexually aroused at the sight of young girls. Tucker denied that he touched the girl that day, and he stated that he had never touched a child for improper purposes.
*596 ¶ 7. Tucker was charged and convicted of attempted kidnapping in -violation of Mississippi Code Annotated sections 97-1-7 and 97-3-53 (Rev.2006). He was sentenced to ten years in the custody of the Mississippi Department of Corrections. He was also ordered to register with the Mississippi Department of Public Safety as a sex offender pursuant to Mississippi Code Annotated section 45-33-25 (Supp. 2010). It is from this judgment that Tucker now appeals.
ANALYSIS
¶8. Tucker’s sole issue for appellate review is that the photograph of the handcuffs on the floorboard of his car was not relevant or, alternatively, that its probative value was substantially outweighed by the danger of unfair prejudice. Said differently, Tucker argues that because the photograph was taken over two months after the incident at the football field had occurred, its content was too remote in time to be relevant.
¶ 9. Mississippi Rule of Evidence 401 provides: “ ‘Relevant Evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Rule 402 provides: “All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules. Evidence which is not relevant is not admissible.”
¶ 10. “The determination of whether [evidence] is too remote [in time] to be admissible is addressed to the sound discretion of the trial judge. Higgins v. State, 502 So.2d 332, 335 (Miss.1987). The decision of the trial court will not be reversed in the absence of clear proof of an abuse of discretion. Stewart v. State, 226 So.2d 911, 912 (Miss.1969).” Johnson v. State, 655 So.2d 37, 42 (Miss.1995).
¶ 11. In Winding v. State, 908 So.2d 163, 168-171 (¶¶ 24-29) (Miss.Ct.App.2005), this Court affirmed the trial judge’s decision to allow handcuffs into evidence that were found in the defendant’s car days after the alleged kidnapping had occurred. The mentally-handicapped victim testified that the defendant had posed as a police officer. Id. at 169 (¶ 25) This Court found that the handcuffs corroborated the victim’s testimony and went to show mo-dus operandi. Id. at 170 (¶ 27). Therefore, this Court held that the handcuffs were relevant. Id.
¶ 12. Here, we find that it was within the trial judge’s discretion to determine that the photograph of handcuffs in Tucker’s car was relevant, even though it was taken more than two months after the alleged attempted kidnapping had occurred.
¶ 13. The evidence established that on September 15, 2008, and on December 29, 2008, Tucker traveled from his home in Panola County to Clarksdale, Coahoma County. When Officer Sims asked Tucker why he was in Clarksdale on December 29, Tucker told Officer Sims that he was “driving around looking for women.” Later, in Tucker’s statement to the police, he stated: “I have rode [sic] around Clarks-dale about four or five times looking for women to meet, and have saw [sic] children that aroused me about three of those times.”
¶ 14. The presence of handcuffs in Tucker’s car on December 29 was offered to establish that, on his trips to Clarksdale to “look for women,” Tucker was not looking for consensual relationships. The trial judge decided that the presence of handcuffs in Tucker’s car on December 29 made it more probable that Tucker had *597 grabbed the girl with the intent to kidnap her on September 15; therefore, the photograph was relevant. We find that the trial judge’s decision that the photograph’s content was not too remote in time to be relevant was not an abuse of discretion.
¶ 15. Next, we turn to Tucker’s argument that the photograph presented a danger of unfair prejudice that substantially outweighed its probative value. Mississippi Rule of Evidence 403 provides: “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Trial judges have broad discretion to conduct the balancing test under Rule 403. Keys v. State, 963 So.2d 1193, 1200 (¶ 24) (Miss.Ct.App.2007). Our review is limited to the question of whether the trial judge abused his discretion. Id.
¶ 16. In Winding, the defendant also challenged the admission of the handcuffs on Rule 403 grounds. Winding, 908 So.2d at 170 (¶ 28). This Court held that, notwithstanding the fact that the issue was procedurally barred, it was also without merit. Id. at 170-71 (¶¶ 28-29). The Court concluded that the handcuffs had sufficient probative value; the danger of unfair prejudice did not substantially outweigh that probative value. Id.
¶ 17. Likewise, this Court concludes that the photograph at issue in this case had sufficient probative value. The trial judge did not abuse his discretion when he decided the danger of unfair prejudice did not substantially outweigh that probative value. Therefore, we find no merit to this issue.
¶ 18. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF ATTEMPTED KIDNAPPING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDER TO REGISTER AS A SEX OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.