COKER *v.* FIVE-TWO TAXI SERVICE, INC.

Division A.    May 7, 1951.

No. 37919  (52 So. (2d) 356)

Suggestion of Error overruled June 11, 1951 (52 So. (2d) 835)

Merle F. Palmer, for appellant.

Wallace, Greaves & Wallace, for appellee.

**Arrington, C.**

The appellant, Edward W. Coker, brought suit against the appellee, Five-Two Taxi Service, Inc., for recovery of damages for personal injuries received as a result of the negligence of the appellee. At the conclusion of the appellant's evidence, the trial court sustained a motion by the appellee to exclude the evidence and for a directed verdict. Upon the sustaining of this motion, judgment was entered for the appellee, from which judgment, this appeal is taken. The rule is well settled and has been stated many times by this court that ▮▮ upon a motion for

a directed verdict or a peremptory instruction that all the facts expressly testified to and all the inferences necessarily and logically to be deduced therefrom are to be taken as true in favor of the party against whom the motion is asked. Alexander v. Zeigler, 84 Miss. 560, 36 So. 536; Dean v. Brannon, 139 Miss. 312, 104 So. 173; Thomas v. Mississippi Products Company, 208 Miss. 506, 44 So. (2d) 556, and authorities cited therein.

The appellant, who was 41 years of age, testified to the following facts: That on January 13, 1949 he was riding a bicycle in a southerly direction on South Pascagoula Street in the City of Pascagoula; that he proceeded at an ordinary speed and while proceeding in said direction near the intersection with Columbus Drive and St. James Street, which streets intersect Pascagoula Street, he heard a noise behind him; that he looked back over his left shoulder and saw the appellant's taxicab fifty feet back and traveling at a rate of speed estimated to be between 45 and 55 miles per hour; that the appellant saw immediately in front of him a van type truck parked parallel against the curb on his right side; that due to the excessive speed of the taxicab, he considered himself in danger, afraid that he would be pinned or crushed by the taxicab against the aforesaid van type truck; and in order to escape this dangerous position (using his language), ''by the time I turned around I was almost on that van type truck ahead of me, and I threw my bicycle to the right, I was afraid the taxi would jam me between the cab and the truck and I flung my bicycle to the right to get off of it''; that as a result, his right leg was seriously and permanently injured. The appellant was the only witness who testified to these facts. Two doctors testified to the extent of his injuries. The maximum speed limit in the City of Pascagoula, according to an ordinance introduced, was thirty miles per hour.

The appellee, on his motion for a directed verdict, assigned the following grounds: ''First: There is no credible or believable evidence that the defendant's taxicab

was being driven at excessive speed. Second: The evidence fails to show that defendant's driver was guilty of any negligence which caused or contributed to the plaintiff's injury. Third: The evidence shows that plaintiff's own negligence was the sole proximate cause of his injuries. Fourth: The evidence shows that the plaintiff failed to use ordinary or reasonable care to extricate himself from or avoid a perilous situation if one existed."

Accepting the appellant's testimony as true, which under the rule we must do, the appellee was guilty of negligence in operating the taxicab at an unlawful rate of speed and if this negligence was the proximate cause or proximately contributed to the appellant's injuries, then the appellee is liable.

In Ulmer v. Pistole, 115 Miss. 485, 76 So. 522, 524, the Court said: "The driver of an automobile must keep his machine constantly under control; he must continue on the alert for pedestrians and others using the streets, and must anticipate their presence."

This case was cited in the recent case of Murphy v. Latham, Miss., 49 So (2d) 807, in which the Court cited the additional cases of Snyder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402; Terry v. Smylie, 161 Miss. 31, 133 So. 662; and Avery v. Collins, 171 Miss. 636, 157 So. 695, 158 So. 552. We are of the opinion that the Court erred in granting the directed verdict, that under the evidence the appellant made a prima facie case and it was a question for the jury to determine if the negligence of the appellee was the proximate cause or proximately contributed to appellant's injuries. Assuming that appellant was guilty of contributory negligence, this would not bar a recovery. Sec. 1454, Miss. Code 1942. Sec. 1455, Miss. Code of 1942, provides: "All questions of negligence and contributory negligence shall be for the jury to determine."

The appellant also assigned as error that the Court erred in permitting the appellee on cross-examination of appellant, over objection, to testify to the amount

of money that he had received under the Workmen's Compensation Law. We are of the opinion that this evidence was incompetent. 25 C. J. S., Damages, Sec. 99, states: "Compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages, and, by some authorities, this rule also applies to payment of salary or expenses.

"The wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him. Under this general rule, insurance in behalf of the injured person cannot be set up by the wrongdoer in mitigation of the loss." To the same effect is 15 Am. Jur., Damages, Sec. 201.

For the error in granting the directed verdict the judgment is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment is reversed and the cause remanded.

On Suggestion of Error

### Lee, J.

The suggestion of error argues with much vigor that there was no causal connection between the unlawful speed of the taxi and the appellant's injury.

The two grounds of liability charged in the declaration were: (1) operating the taxi at more than 30 miles an hour; and (2) the driver was not looking where he was going. The proof as to (1) was that the taxi was traveling between 45 and 55 miles an hour. As to (2), the ap-

pellant saw the taxi when it was only 50 feet behind him, traveling at the unlawful speed. The driver had not blown his horn, and never did blow it. The reasonable inference from the failure to blow the horn is either that the driver did not see the appellant, or that he was not keeping a lookout. Granting that this evidence and the logical inferences therefrom are true, if the appellant turned his bicycle toward the curb to avoid impending danger from the approaching taxi, under the circumstances then obtaining, and if, in so doing, he acted as a reasonably prudent man, the appellee is liable.

Error is also suggested in our holding that the Court should not have permitted the appellee to cross-examine the appellant as to the amount of money which he received from workmen's compensation benefits. Reference is made to certain provisions of Chapter 354, Laws of 1948, and solicitude is expressed that potential overpayments may result therefrom.

Neither the employer nor its insurer was a party to this proceeding. Section 30 of said Chapter gives to the employee, even though he may be accepting compensation benefits from his employer, the right to sue any other party at law for such injury. The employee is required, in such case, to notify his employer within fifteen days of the filing of his suit. It is further provided that, after the cost of collection, so much of the remainder as is necessary ''shall be used to discharge the legal liability of the employer . . . and any excess shall belong to the injured employee''.

It follows that the suggestion of error ought to be, and is, overruled.

Suggestion of error overruled.