274 So.2d 109 (1973)
George FELLS
v.
J.C. BOWMAN, Individually, d/b/a J.C. Bowman Trucking Co., and Thomas C. George.
No. 46965.
Supreme Court of Mississippi.
March 5, 1973.
*110 Frederick C. Berger, R.L. Netterville, Natchez, for appellant.
Heidelberg, Woodliff & Franks, W. Swan Yerger, Jackson, Zuccaro, Wood & Pintard, Natchez, for appellees.
INZER, Justice:
Plaintiff-appellant George Fells brought suit in the Circuit Court of Adams County against J.C. Bowman, doing business as Bowman Trucking Company, and Thomas C. George seeking to recover damages for personal injuries.
The declaration alleged that plaintiff was injured when his pulpwood truck was struck by an automobile driven by the defendant George in the course of his employment with the defendant Bowman. It was alleged that the accident happened because of the negligence of the defendant George in operating his vehicle at an excessive rate of speed, failing to keep a proper lookout, failing to keep his vehicle under proper control, failing to stop the same, failing to pull his vehicle to the right to prevent the two vehicles from colliding, and failing to use any safety appliances on his vehicle.
Defendants-appellees in their answer admitted that a collision occurred between the two vehicles but denied any negligence on the part of the defendants. They also alleged by way of affirmative defenses that plaintiff failed to have proper lights on his vehicle and the required visibility thereof so that traffic approaching from the rear could see the truck for a reasonable distance and because the plaintiff failed to operate his vehicle with a proper taillight on the rear of the truck. It was alleged that this constituted negligence and was the sole proximate cause or a proximate contributing cause to the accident.
A trial was had and the jury returned a verdict for the defendants. A judgment was entered dismissing the suit. From this judgment plaintiff appeals, and the defendants cross appeal.
Since the jury returned a verdict in favor of the defendants, we will state the *111 facts most favorable to them. On August 12, 1970, at about 8:40 p.m., plaintiff-appellant was proceeding easterly on Highway 84 approximately three miles east of Ferriday, Louisiana. He was driving a 1961 International truck loaded with 38,000 pounds of pulpwood. He was driving his truck in the right hand lane or the outside lane of the four-lane highway. He had a taillight on the truck, but it was not on the back of the truck. It was set approximately three feet back underneath the frame. There were some heavy chains hanging almost to the ground from a stanchion on the rear of the truck. Because of the heavy pulpwood, the back end of the truck was lower than the front end. The taillight could not be seen unless a person got down and looked under the truck. Appellant was driving at a speed of about five to ten miles per hour. Appellant did not see any vehicle behind him prior to the time his truck was struck.
Appellee George was operating his automobile in an easterly direction in the same lane of the highway. There was a delivery truck in front of him which George followed for some distance. The truck was a solid truck approximately seven feet high, and George could not see any vehicle in front of the delivery truck. Both George and the delivery truck were travelling at a speed of approximately 45 miles per hour separated by ten to twelve car lengths. After following the truck for some distance, George decided to pass. He blinked his lights, indicating his intention to pass, and pulled over into the left lane. The truck in front of him prevented him from seeing anything in the right lane, and the left lane was clear. When he reached a point almost to the truck, without giving any signal it suddenly swerved to the left. In order to keep from striking the delivery truck, George cut back to the right as fast as he could. When he cut back into the right lane, plaintiff's pulpwood truck was right in front of him, and although he applied his brakes, he did not have time to stop prior to striking the slow moving truck on the left corner.
Appellant assigned as error the action of the court in refusing to grant his instruction directing the jury to find the defendants guilty of negligence and leaving to the jury the matter of proximate cause. Argued with this assignment is that the trial court erred in overruling appellant's motion for a new trial since the verdict of the jury was against the overwhelming weight of the evidence and evinces passion and prejudice on the part of the jury. We find no merit in either of these assignments. We find at the most it was a jury issue as to whether George was guilty of any negligence that caused or contributed to the accident. The burden of proof was upon appellant to prove by a preponderance of the evidence that George was guilty of some negligence that caused or contributed to the accident. The jury in deciding this issue had a right to draw the inference from the testimony that the driver of the delivery truck did not see the pulpwood truck until the last moment because of the taillight being obscured, and when he saw the pulpwood truck he swerved to the left in front of George to avoid striking the truck. When confronted with this situation, George was justified in turning his vehicle back into the right lane. After a careful consideration of the evidence in this case, we are of the opinion that the jury was justified in finding from the evidence that George was not guilty of any negligence that caused or contributed to the accident. Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963).
The only other error assigned that merits any discussion is that the trial court erred in granting Instruction Nos. 14 and 15 for the defendants.
Instruction No. 14
The Court instructs the jury for the defendants that the law of Mississippi requires that every truck be equipped with a red taillight which when lighted *112 shall be capable of being seen at a distance of 500 feet under normal atmospheric conditions. The Court further instructs the jury for the defendants that if you should find from the evidence that the red taillight on the plaintiff's truck was covered to the extent that it was not capable of being seen at a distance of 500 feet on the night of the accident, then the plaintiff was negligent; and if you should further find from the evidence that such negligence, if any, was the sole proximate cause of the collision between the plaintiff's vehicle and the automobile driven by defendant, Thomas C. George, then it shall be your sworn duty as jurors to return a verdict for the defendants.
Instruction No. 15
The Court instructs the jury for the defendants that the law of Mississippi requires that every truck be equipped with a red taillight which when lighted shall be capable of being seen at a distance of 500 feet under normal atmospheric conditions. The Court further instructs the jury for the defendants that if you should find from the evidence that the red taillight on the plaintiff's truck was covered to the extent that it was not capable of being seen at a distance of 500 feet on the night of the accident, then the plaintiff was negligent; and if you should further find from the evidence that such negligence, if any, was the proximate contributing cause to the collision between the plaintiff's truck and the automobile driven by Thomas George, then it will be your sworn duty as jurors to reduce the damages which you would otherwise award the plaintiff in such proportion as the negligence attributable to the plaintiff bears to the entire negligence involved.
Appellant urges that the giving of these two instructions to which he entered an objection in the trial court was error and could only confuse the jury. The only part of the two instructions which the appellant objected to was that part which informed the jury that the law of Mississippi required the taillight as set out in the instruction. In answer to the objection, appellee pointed out that all the parties lived in Adams County, that the truck was stationed in Mississippi and inspected under Mississippi Motor Vehicle law, and it was required to comply with the Mississippi law as to taillights.
Appellant admits under the law announced in Mitchell v. Craft, 211 So.2d 509 (Miss. 1968), that the trial court was correct in holding that Mississippi had the most significant relationship with that facet of the case which dealt with the Louisiana doctrine of contributory negligence and the Mississippi doctrine of comparative negligence and the court correctly held that the Mississippi law of comparative negligence should apply. It is urged that the Louisiana law of necessity would have to apply as to what constituted negligence under the rules of the road. This contention brings into focus the question of whether the court is required under "the most significant relationship" or "choice of law rule" to apply the law of a single state to every facet of the case. We think not. In Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965), one of the cases cited and relied upon is Mitchell v. Craft, supra. The rule is stated as follows:
As foreshadowed by the three cases referred to above, we adopt the general principles of the commentators and result of the cases critical of the lex loci rule in that we believe that in order to determine the "most significant relationship" consideration should be given to the policies and interests of the forum state, the tort state, and of other states that may have an interest by virtue of the domicile of the parties or other relevant factors. It is obvious that one state may have a legitimate concern with one facet or issue of the case, but not with another, and hence we conclude that it is not necessary in each case to apply only the law of a single state to all phases of *113 the lawsuit, i.e., what is negligence, for example, may well involve the application of the rules of the road of the tort state since it is that state that is primarily concerned with safety on its highways.
However, the degree of negligence (i.e., gross or ordinary) necessary to ensure recovery may be unrelated to the policies of the tort state, but highly relevant to the policy of the forum state and as to that issue the law of the forum would govern. (26 Wis.2d at 631, 133 N.W.2d at 415).
We think that the foregoing statement contains a practical solution to the problem. It is especially applicable in tort cases involving automobile accidents such as the one before us. The primary concern of Louisiana was with the safety of its highways. Its safety regulations and rules of the road would of necessity have to be applied to determine what constituted negligence. However, since all parties lived in Mississippi and the vehicles involved were owned by citizens of Mississippi and based in Mississippi, Louisiana had no legitimate concern with whether our law of comparative negligence was to be applied in preference to their law of contributory negligence, being a bar to the action, except under certain circumstances. We follow this same line of reasoning in Turner v. Pickens, 235 So.2d 272 (Miss. 1970), wherein we held that the degree of negligence required by the Illinois law was not controlling when all parties involved were residents of Mississippi where the trip began and was to end.
Appellees urge that if there was any error in the granting of these instructions, it was harmless error because the requirements of the law of Louisiana relative to taillights is the same as that of Mississippi. An examination of the Louisiana statute reveals that the law of Louisiana does have the same requirements as Mississippi in regard to the placement of taillights and the distance such lights must be visible when lighted. 18A La.Stat.Annot.  Rev. Statutes 32:304, p. 225. Under the circumstances of this case, we are unable to see how the jury could have been confused by the granting of these instructions. We think this is a typical case for the application of the harmless error rule set out in Rule 11, Mississippi Supreme Court Rules (1967), since it does not appear from the whole record that there has been a miscarriage of justice.
For the reasons stated, this case must be affirmed on direct appeal.
The only point raised on cross appeal is that the appellees were entitled to a requested peremptory instruction at the conclusion of all the evidence. Inasmuch as we have determined that the case must be affirmed on direct appeal, we do not reach the question raised on cross appeal, as it is now moot. Thus, this case must be affirmed on direct and cross appeal.
Affirmed on direct and cross appeal.
GILLESPIE, C.J., and SUGG, WALKER and BROOM, JJ., concur.