Henry CHAPMAN, as Personal Representative of the Estate of Alexander Riley, Deceased, Plaintiff,

v.

THRASHER TRUCKING COMPANY, Defendant.

Civ. A. No. J88–0170(L).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 5, 1990.

S. Smith Bonner and Earl Keyes, Jackson, Miss., for plaintiff.

W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

There is pending before the court a motion *in limine* of defendant Thrasher Trucking Company seeking a determination as to the law applicable to the issues involved in this case. It is defendant's position that the substantive law of Louisiana should be held to govern all issues or at the very least issues relating to the recoverability of punitive damages. Plaintiff, on the other hand, asserts that while Louisiana law will be determinative of the basic issue of negligence *vel non*, Mississippi substantive law should apply to all issues concerning damages, both compensatory and punitive.

On August 16, 1987, Alexander Riley, plaintiff's decedent, was killed in an automobile accident near Monroe, Louisiana. The vehicle in which Mr. Riley was a passenger was struck by a Thrasher Trucking Company tractor-trailer which was being operated by John D. Frederick. An estate was opened through a Mississippi court and Henry Chapman, Riley's natural father and personal representative of the estate, subsequently filed this wrongful death action seeking to recover damages claimed to be due Mr. Riley's estate and damages due Riley's survivors. The sole issue before the court for consideration concerns what substantive law will apply in this action, that of Louisiana or of Mississippi.

Before it becomes necessary that the court make a choice of law, it must appear that there is a conflict between the substantive law of the involved states as to a matter that would have a significant effect on the outcome of the case. In the case at bar, the parties appear to agree that there is an actual conflict as to the damages that

are available under the laws of Louisiana and Mississippi. Specifically, Louisiana law permits the recovery of punitive damages only in certain statutorily prescribed instances, none of which are present here. In contrast, the law of Mississippi provides for an award of punitive damages where there has been gross negligence on the part of the defendant. Plaintiff submits that there was gross negligence so as to justify a punitive damages award under Mississippi law, and the court, for present purposes, will indulge plaintiff's position. In addition to the punitive damages issue, there appears to be a rather significant difference in the methods used by the Louisiana courts and the Mississippi courts in calculating the value of a decedent's life. Given that there do exist distinctions in the law of the two states as to these issues,[1] the court concludes that there is an actual conflict of law requiring a choice of law between the two.

In this diversity action, the court is bound to apply the choice-of-law rules of the forum state, Mississippi, *Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and under Mississippi law, the starting point of the choice-of-law inquiry is *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), the case in which the Mississippi Supreme Court adopted the "center of gravity" or "most substantial contacts" conflicts-of-law test. Under the center of gravity test, section 175 of the Restatement (Second) of Conflict of Laws is the primary rule for wrongful death actions. *See Siroonian v. Textron, Inc.*, 844 F.2d 289, 291 (5th Cir.1988). That section provides:

> In an action for wrongful death, the *local law of the state where the injury occurred* determines the rights and liabilities of the parties *unless*, with respect to the particular issue, some other state has a *more significant relationship* to the occurrence and the parties, in which event the local law of the other state will be applied (emphasis supplied).

In determining the significance of the relationship or the "center of gravity," section 145 of the Restatement (Second) sets forth the following guidelines:

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to the issue include:
>
> (a) the place where the injury occurred;
>
> (b) the place where the conduct causing the injury occurred;
>
> (c) the domicil, residence, nationality, place of incorporation, and place of business of the parties; and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In accordance with these rules, the substantive law of Louisiana, the state in which the injury occurred, will govern unless another state, and in particular, Mississippi, has a more significant relationship to the occurrence and the parties relative to an issue or issues as to which there is a conflict of law. In this regard, the facts presented by the parties demonstrate that Louisiana is the place where the injury occurred, the place where the conduct giving rise to the injury occurred and, to the extent that there was a relationship between the plaintiff's decedent and the defendant, that place was Louisiana since the accident itself was the only event giving rise to any such relationship.

At the time of the accident, Frederick, the driver of defendant's truck, was an Oklahoma resident and Thrasher was a Texas company. Plaintiff's decedent, Alexander Riley, was a resident of Mississippi. Riley was unmarried and had three children, all of whom lived with their mother in Indiana when the accident occurred. Henry Chapman, Riley's natural father, is a resident of Mississippi and Riley's estate is being administered in Mississippi.

---

**1.** The law of a single state will not necessarily control every issue in a case, and therefore a choice of law must be made as to each issue presented with the result that in some instances the law of more than one state will be applied in a given lawsuit. *Boardman v. United Services Automobile Ass'n*, 470 So.2d 1024, 1031 (Miss. 1985).

Plaintiff urges that inasmuch as the location of the accident was purely fortuitous, there exists no basis for the application of Louisiana law to any issue in this case—other than Louisiana's rules of the road (which he concedes would clearly apply)—in view of Mississippi's interest in the controversy. He reasons that this state's interest in plaintiff's decedent and the estate and the estate's expectation of recovery rights under Mississippi law are sufficiently compelling to justify departure from the ordinary conflicts rule for wrongful death actions, i.e., that the law of the situs of the injury governs. The court, however, concludes otherwise.

Surely, the fact that this accident occurred in Louisiana was purely adventitious given that neither Riley nor the defendant resided in that state. Nevertheless, it does not appear under the facts presented that "some other state has a more significant relationship to the occurrence and the parties." Restatement (Second) § 175. Facially, it might appear that Mississippi arguably has such a relationship to the issue of recoverable damages in that the estate is being administered here. However, a more searching analysis leads to the conclusion that the estate, and hence Mississippi, does not have an interest in the types of damages as to which there exists a conflict of law. That is, if this were in all respects a Mississippi wrongful death action, neither punitive damages nor the net cash value of the life of the decedent would be recoverable by the *estate* since Mississippi's wrongful death statute, Miss.Code Ann. § 11–7–13 (1972), and the cases interpreting that statute plainly make such items recoverable by the survivors. The estate may recover damage to real or personal property, funeral expenses and medi-

cal expenses. *See Thornton v. Insurance Co. of North America,* 287 So.2d 262 (Miss. 1973). As previously stated, the decedent's children—his survivors—reside in Indiana with their mother. Thus, contrary to plaintiff's contention, the damages at issue would not be recoverable by a Mississippi estate nor distributed to Mississippi residents.[2] The court would agree that Louisiana has no particular interest in this occurrence either, other than the "purely fortuitous" circumstance of the accident happening there. There is, though, no other state that has any greater interest.[3] Hence, the court concludes that defendant's motion *in limine* is well taken and should be granted.

Accordingly, the court finds that the substantive law of Louisiana applies to the damages issues here presented and thus it is ordered that defendant's motion is granted.

ORDERED.

---

**2.** The court is aware that one of the decedent's children had lived with him in Mississippi during a period of time preceding the accident and had planned to return to Mississippi to resume residency with her father. However, that fact does not grant Mississippi a dominant interest in this matter. The relevant fact is that the child lives in Indiana, not Mississippi.

**3.** The court would note that this case is quite unlike *Fells v. Bowman,* 274 So.2d 109 (Miss. 1973), and *Mitchell v. Craft,* since in both of

those cases, the parties were all Mississippi residents who happened to become involved in accidents in Louisiana. Moreover, in each of those cases the court concluded that application of Louisiana law would be repugnant to an important policy of Mississippi law; that is, Louisiana at that time had no comparative negligence statute but rather was a contributory negligence state. That is no longer the case and thus that consideration is not present here.