767 So.2d 269 (2000)
Mary Joyce BAUGH, Appellant,
v.
Barbara ALEXANDER, Appellee.
No. 98-CA-00758-COA.
Court of Appeals of Mississippi.
July 18, 2000.
Rehearing Denied September 19, 2000.
*270 David N. Gillis, Jackson, Attorney for Appellant.
Philip W. Gaines, Jackson, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Mary Joyce Baugh brought suit against Barbara Alexander in the Circuit Court of Hinds County for personal injuries received in a motor vehicle accident that occurred in the early evening of February 8, 1992. The jury found for Baugh and returned a verdict for $2,740 in damages. Baugh, dissatisfied with the amount of the jury's award, filed a motion for a new trial on damages alone or, alternatively, an additur by the trial court. The trial court denied the motion, and Baugh has appealed that ruling to this Court. Additionally, Baugh claims that the trial court violated the "collateral source rule" by permitting the jury to learn that she had received benefits from her employer's health insurance carrier and workers compensation carrier along with social security disability benefits. We find the issues raised to be without merit and affirm the judgment of the trial court.

I.

Facts
¶ 2. The evidence is uncontradicted that Baugh and Alexander were involved in a collision of their motor vehicles under circumstances that indicated Alexander's negligence was the cause of the accident. However, Baugh drove home from the accident in her vehicle and then, approximately one hour later, drove herself to the hospital where she complained of pain in her lower back. She declined to undergo x-rays proposed by hospital staff and was released with a prescription for pain medication.
¶ 3. Baugh had, in fact, been experiencing significant pre-accident pain symptoms and emotional problems alleged by her to have been occasioned by a fall at her employment that occurred on December 19, 1991. Her pain symptoms associated with her work injury for which she was obtaining medical treatment were largely identical to those she attributed at the trial of this case to the vehicular accident. At the trial, Baugh further testified that the despair caused by her debilitating injuries in the wreck had driven her into a depressed state that required extended psychological treatment. However, the defense presented competent evidence that, in a workers compensation case pursued by Baugh arising *271 out of her December 1991 fall, she attributed her depressed state to disillusionment brought on by her employer's improper handling of her work-related injury claim.
¶ 4. Baugh presented post-accident medical bills totaling in excess of $60,000 and testified that, because of chronic pain and irreversible symptoms of depression resulting from the vehicular accident, she did not expect to ever be able to return to gainful employment. She, thus, sought compensation for her medical bills, damages for pain and suffering, together with lost wages calculated on her prior earning experience and her projected earning career from age 46her age at the time of the accidentthrough age 65.
¶ 5. The defense countered Baugh's claims regarding her medical bills (which included claims for psychiatric care for depression together with extensive physical therapy and pain management costs) with evidence that some of these same medical bills had previously been presented for payment by Baugh in her workers compensation claim, in which she contended that the triggering event necessitating these expenses was her fall at work. As to her prospective permanent disability from pursuing gainful employment, the defense presented evidence that Baugh had, approximately three days prior to the wreck with Mrs. Alexander, left her job with complaints that, due to unresolved pain associated with her earlier fall at work, she was unable, despite her best effort, to perform the essential duties of the job. The defense also presented evidence that Baugh had subsequently obtained a determination by the Social Security Administration that, as of February 5, 1992three days before the vehicular accidentBaugh was totally disabled from gainful employment due to symptoms that were largely indistinguishable from the complaints presented by Baugh at the trial of this cause.
¶ 6. Based on this conflicting evidence, the jury returned a verdict of $2,740.

II.
The First Issue: Inadequate Damages
¶ 7. Baugh claims that the trial court erred in not granting a new trial on damages alone or, alternatively, granting an additur of a significant amount to make the verdict conform to the evidence. In order to grant relief in either form, the trial court would have had to conclude that the jury's verdict was influenced by bias, passion or prejudice against Baugh or that the jury simply arbitrarily ignored legitimate evidence relating to the extent of Baugh's damages. We find no merit in this claim. The plaintiff bears the burden of establishing her claim by a preponderance of the evidence. Fells v. Bowman, 274 So.2d 109, 111 (Miss.1973). An essential part of that claim in a personal injury tort case is to demonstrate, not only the extent of the injury, but that the negligence of the defendant was the proximate cause of the injury. Id. When the evidence is in conflict, the matter is submitted to the jury for resolution and, barring some indication that the jury disregarded its sworn duty, the jury and not the trial court is permitted to determine where the preponderance of the credible evidence on the matter of causation lies. Donald v. Amoco Prod. Co., 735 So.2d 161 (¶ 43) (Miss.1999).
¶ 8. In this case, there was substantial evidence that Baugh had, in a separate workers compensation case, asserted that the same injuries and the same medical expenses claimed in this case were the result of a fall at work occurring some seven weeks prior to the accident. There was substantial evidence in the record that Baugh had, in the weeks preceding the wreck, complained of extensive pain and attendant emotional difficulties arising out of her fall at work. The defense also presented evidence from which the jury could reasonably conclude that much of Baugh's post-accident medical treatment was nothing more than a continuation of a course of treatment for her work-related *272 injuries that had begun before the accident and had continued largely unchanged in the time after the accident. There was, in fact, evidence presented that Baugh had, a few weeks after the motor vehicle accident, reported to a health care provider that her symptoms had essentially returned to what they were pre-accident.
¶ 9. We find nothing in this record to suggest that the jury's verdict was so against the weight of the credible evidence as to indicate that it was based on impermissible bias, passion or prejudice against Baugh. Absent such finding, there was no basis for the trial court to grant either a new trial or to enter an order for additur.

III.

The Second Issue: Violation of the Collateral Source Rule
¶ 10. The collateral source rule in Mississippi holds that "[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the [defendant] in mitigation or reduction of damages." Coker v. Five-Two Taxi Serv., 211 Miss. 820, 826, 52 So.2d 356, 357 (1951). Baugh claims that the trial court violated this rule when it denied her motion in limine to exclude evidence that Baugh had received health insurance and workers compensation benefits through her employer and was receiving disability payments from the Social Security Administration.
¶ 11. There was no error in the trial court's ruling. The collateral source rule applies only when the indemnity or compensation is for the same injury for which damages are sought. It is undisputed that Baugh's payments through health and workers compensation insurance, as well as disability payments, were for an alleged injury that preceded the motor vehicle accident. The mere fact that this earlier injury produced symptoms largely indistinguishable from those symptoms Baugh alleged to have been caused by the wreck does not make them a collateral source of compensation for injuries received in the wreck. To the contrary, evidence of such payments based on assertions of causation in another proceeding by the plaintiff that are inconsistent with her assertions of causation in this case becomes quite probative for the jury in carrying out its duty to determine whether the plaintiff has met her burden of proving that the wreck caused the injuries for which she seeks compensation from the defendant.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. STATUTORY DAMAGES ARE AWARDED TO THE APPELLEE AND INTEREST IS AWARDED TO THE APPELLANT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, and THOMAS, JJ., Concur. MYERS, J., Not Participating.