CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Keith Brooks and Sandra Brooks sued Victor Purvis in the Perry County Circuit Court for injuries sustained in an automobile accident. A jury returned a verdict awarding Keith zero damages and awarding Sandra $75,000 in damages. The Brookses now appeal. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 2. On October 29, 2001, two vehicles driven by Keith and Purvis collided on Sand Ridge Road, a one-lane road in Beaumont, Mississippi. Keith’s wife, Sandra, was riding in the passenger seat of Keith’s automobile at the time of the accident. The parties relayed differing versions of the cause of the accident; Purvis claimed that Keith drove his car in excess of the speed limit and ran into Purvis’s vehicle. Alternatively, the Brookses alleged that Purvis ran into them while their car was stopped on the side of the road.
 

 ¶ 3. The Brookses filed suit against Pur-vis on May 19, 2004, seeking damages arising out of the automobile accident. The trial began on June 3, 2009, and the jury rendered a verdict on June 4, 2009, awarding zero damages to Keith and $75,000 total damages to Sandra, with each driver bearing fifty-percent of the fault.
 

 ¶ 4. The Brookses filed a motion for a new trial, which the circuit court denied. On appeal, the Brookses allege that the circuit court erred by admitting portions of Officer William Henry’s deposition testimony and also by allowing Purvis to present evidence of the Brookses’ social-security-disability applications and benefits. The Brookses also claim that the jury’s award of zero damages for Keith is against the weight of the evidence.
 

 STANDARD OF REVIEW
 

 ¶ 5. On appeal, this Court utilizes an abuse-of-discretion standard when reviewing evidentiary rulings by a trial judge.
 
 Church of God Pentecostal, Inc. v. Freewill Pentecostal Church of God, Inc.,
 
 716 So.2d 200, 210 (¶ 36) (Miss.1998). In order to reverse a case on the admission or exclusion of evidence, the ruling must result in prejudice and adversely affect a substantial right of the aggrieved party; such harm must be severe enough to harm a party’s substantial right.
 
 Terrain Enters., Inc. v. Mockbee,
 
 654 So.2d 1122, 1131 (Miss.1995).
 

 
 *1169
 
 DISCUSSION
 

 I. Whether the circuit court abused its discretion by permitting Officer Henry to give opinion testimony.
 

 ¶ 6. In October 2007, Purvis designated Officer Henry with the Perry County Sheriffs Department as an expert witness. Officer Henry responded to the scene of the accident on October 29, 2001, and he completed an accident report. However, Officer Henry was unavailable to attend the trial due to military deployment, so the parties deposed him by videotape for use at trial. After the videotaped deposition, the Brookses filed a motion in limine to exclude Officer Henry’s testimony regarding his opinion of the point of impact of the accident and regarding the position of the vehicles at the moment of impact.
 

 ¶ 7. A motion in limine “should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury.”
 
 McGilberry v. State,
 
 797 So.2d 940, 942 (¶ 12) (Miss. 2001) (quoting
 
 Whittley v. City of Meridian,
 
 530 So.2d 1341, 1344 (Miss.1988)). Additionally, Mississippi Rule of Evidence 701 states: “If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.”
 

 ¶ 8. The Brookses argue that Officer Henry was neither qualified nor tendered as an expert witness at any point during the proceedings. They also claim that Officer Henry lacked qualifications to render a conclusion about how other drivers normally drove down Sand Ridge Road, and the Brookses assert that Officer Henry’s testimony and conclusions in the deposition constituted accident-reconstruction testimony. The Brookses assert that such conclusions require specialized skill or knowledge. They also argue that due to his status as a police officer, Officer Henry’s testimony strayed into the area of expert opinion and irreparably tainted the jury’s apportionment of liability.
 

 ¶ 9. The Brookses cite to
 
 Roberts v. Grafe Auto Co., Inc.,
 
 701 So.2d 1093, 1099 (Miss.1997), in which the Mississippi Supreme Court held that the admission of the responding officer’s opinion testimony constituted reversible error. In
 
 Roberts,
 
 the responding officer, Officer Steve Bitowf, was not tendered an expert witness, and Officer Bitowf also stated that he did not want to be tendered as an expert in accident reconstruction. The supreme court found that:
 

 Notwithstanding the characterization of the Officer Bitowf as a “lay witness” at trial, the opinion which the defendants attempted to solicit was an expert opinion based on training and experience as a law[-]enforcement officer and experience in the investigation of accidents and physical findings at the scene of the accident. Bitowfs testimony was not based upon actually witnessing the accident, rather it was based on his investigation afterward. The average, randomly selected adult could not conclude from examining the accident site that the defective tire was the only factor contributing to the accident.
 

 In following many years of Mississippi case law[,] we find that the trial court committed reversible error in allowing Officer Bitowf to give expert testify [sic]
 
 *1170
 
 without first being tendered an accepted as an expert witness in accident reconstruction. Because the public holds police officers in great trust, the potential harm to the objecting party requires reversal where a police officer gives expert testimony without first being qualified as such. Bitowf was not tendered as an expert[;] further he stated he was not an expert in accident reconstruction. However, defense counsel relied on Bitowfs experience in accident investigation to present Bitowfs testimony as that of an expert. In effect, Bitowfs testimony instructed the jury that driver error did not contribute to the accident, the very issue to be determined at trial. The function of the jury as [the] fact[-]finder must not be usurped. Because of this error, this case must be reversed and remanded for a new trial. On remand, the defendants may list Officer Bitowf as an expert witness and proffer [his] testimony as such. In light of M.R.E. 701 and M.R.E. 702, and the authorities cited herein, the trial judge, at that time, may allow the testimony of the officer as expert testimony if he is properly qualified and tendered as such.
 

 Id.
 

 ¶ 10. Purvis, however, attempts to distinguish
 
 Roberts
 
 from the case at hand. Purvis asserts that during the deposition, the Brookses’ own counsel, not Purvis’s, opened the evidentiary door by asking Officer Henry about his training and expertise. The Brookses’ counsel also inquired as to the nature and condition of the road at issue, and whether Officer Henry had traveled down the road prior to the accident. Purvis asserts that this inquiry by the Brookses’ counsel thereby opened the door to Officer Henry’s testimony about the road condition and normal course of travel on the road. The Brookses’ counsel also questioned Officer Henry about a photograph showing the tire tracks left on the road as a result of the accident. The Brookses’ counsel asked Officer Henry to opine, based on his observations, as to which direction the vehicle appeared to have been traveling in order to leave those tire tracks. Purvis argues that his counsel’s questions reflect that Officer Henry’s testimony was based on his observations at the scene of the accident, not any specialized training or experience. The transcript of the deposition confirms that Officer Henry explained to the attorneys that he was not an accident reconstructionist and that he was testifying based on his personal observations at the scene of the accident.
 

 ¶ 11. Purvis claims the case before us is similar to
 
 Jones v. State,
 
 761 So.2d 907, 912 (¶ 24) (Miss.Ct.App.2000), wherein this Court held that a patrolman’s opinion regarding the point of impact of an accident constituted lay opinion evidence under Rule 701. This Court explained that:
 

 ... [I]t is clear that [Officer David] Blakene/s opinion was lay opinion evidence admissible under Mississippi Rule of Evidence 701, since it was based on his observations of the resting place of [Danny] Jones’s vehicle after the accident and his ability to trace the path of the vehicle by following skid marks backwards from the resting place to a point where the physical evidence indicated that fairly violent event had occurred. One need not be an expert accident reconstructionist to offer an opinion that tire marks appearing at the scene of accident indicate with some measure of precision the path the vehicle followed at the time of the accident. A lay person, through his ordinary experience of life, is capable of observing the typical physical phenomena that exist in the aftermath a vehicular collision, such as skid marks and debris location, and making an intelligent assessment of cer
 
 *1171
 
 tain basic facts of the accident. In this instance, we do not find that [Officer] Blakeney’s testimony moved so far from his basic interpretation of those actual physical things he observed at the scene as to require that he possess specialized training, knowledge[,] or experience in order to offer his opinion of the point of impact.
 

 Id.
 

 ¶ 12. Similarly, we find that Officer Henry’s deposition testimony was based on his observations at the scene of the accident — not on any scientific, technical, or other specialized knowledge. We acknowledge that the record reflects that the Brookses’ counsel opened the door to Officer Henry’s testimony regarding the tire tracks on the road. Additionally, the Mississippi Supreme Court and also this Court have previously determined that a police officer not qualified as an accident recon-structionist expert “could testify to what he found and observed at the scene of the accident upon his arrival.”
 
 Ware v. State,
 
 790 So.2d 201, 207 (¶ 17) (Miss.Ct.App. 2001);
 
 see also Seal v. Miller,
 
 605 So.2d 240, 243-44 (Miss.1992). We therefore find no abuse of discretion in the circuit court’s admission of Officer Henry’s testimony. This issue lacks merit.
 

 II. Whether the circuit court erred by allowing Purvis to present evidence concerning the Brookses’ social-security-disability applications and benefits.
 

 ¶ 13. The Brookses also filed a motion in limine to preclude any evidence or testimony related to the fact that they were on social-security disability or received social-security-disability benefits prior to the October 2001 accident. The Brookses claim that such information is irrelevant to causation and damages, and they claim that such testimony risked prejudicing the jury against them. They assert that they conceded their preexisting conditions.
 

 ¶ 14. The Brookses’ preexisting conditions, as listed in their social-security applications, relate to the current complaint for injuries allegedly resulting from the accident at issue. Additionally, Keith testified that his medical bills from the Veterans Affairs (VA) hospital for preexisting conditions were combined with the bills for medical treatment sought after the accident at issue. The Brookses’ testimonies regarding their preexisting conditions reveals that Sandra suffers from Post Traumatic Stress Disorder, and Keith suffers from various physical medical conditions, including, but not limited to, degenerative disk disease, arthritis, migraine headaches, gout, and carpal tunnel syndrome. Keith also testified that he had suffered extensive injuries in the past resulting from freight falling on him while he was unloading it, and he stated that he had also been involved in another automobile accident prior to the accident at issue. After the accident at issue, Keith claimed that he suffered an increase in his pain level, which he testified necessitated the doctors to increase his pain medication and prescribe him a stronger muscle relaxer. Keith also asserted that the accident at issue caused his and Sandra’s current lack of mobility and activity, and he claimed that as a result, he and Sandra had to get rid of their farm animals because they could no longer physically care for them. Keith also stated that he had to forgo his plans to start a rabbit farm. Sandra, however, suffered extensive injuries to her face and mouth as a result of the accident.
 

 ¶ 15. Since the Brookses argue that the current accident caused limitations on their activities as well as limited mobility, Purvis argues that the circuit court did not err in allowing him to present evidence of
 
 *1172
 
 the Brookses’ disability application and benefits. Purvis claims that one of the key issues in the case was causation pertaining specifically to whether the Brookses’ injuries were caused by the accident. Purvis argues that he presented evidence that the Brookses were adjudicated disabled and received social-security benefits as proof of the Brookses’ extensive preexisting injuries. Purvis claims that the Brookses suffered from lack of mobility and chronic pain prior to the accident at issue. Purvis argues that Keith’s testimony and also the social-security application reveal that Keith used a wheelchair prior to the accident. Keith’s testimony and the application also reveal Keith also made a request for assistance to aid him in maintaining his personal hygiene and his personal daily needs prior to the accident at issue. Pur-vis argues that the loss of Keith’s mobility and activity preexisted the current accident and, thus, failed to result from the accident at issue.
 

 ¶ 16. Purvis cites to
 
 Baugh v. Alexander,
 
 767 So.2d 269 (Miss.Ct.App.2000), another case involving an automobile accident wherein this Court examined the issue of the extent of Mary Joyce Baugh’s injuries. Barbara Alexander presented evidence that Baugh had been experiencing significant pre-accident pain symptoms and emotional problems alleged by her to have been caused by a fall at her employment which occurred prior to the automobile accident. This Court stated:
 

 In this case, there was substantial evidence that Baugh had, in a separate workers compensation case, asserted that the same injuries and the same medical expenses claimed in this case were the result of a fall at work occurring some seven weeks prior to the accident. There was substantial evidence in the record that Baugh had, in the weeks preceding the wreck, complained of extensive pain and attendant emotional difficulties arising out of her fall at work. The defense also presented evidence from which the jury could reasonably conclude that much of Baugh’s post-accident medical treatment was nothing more than a continuation of a course of treatment for her work-related injuries that had begun before the accident and had continued largely unchanged in the time after the accident. There was, in fact, evidence presented that Baugh had, a few weeks after the motor[-]vehicle accident, reported to a health[-]care provider that her symptoms had essentially returned to what they were pre-acci-dent.
 

 Id.
 
 at 271-72 (¶ 8). Additionally, we have recognized that “any evidence tending to show that any part of [the plaintiffs] injury may have occurred as a result of some other cause was relevant.”
 
 Good v. Indreland,
 
 910 So.2d 688, 693 (¶ 12) (Miss.Ct. App.2005) (citing
 
 Walker v. Lamberson,
 
 243 So.2d 410, 411 (Miss.1971)). We also note that a defendant can only be liable for damages resulting from his negligence.
 
 Id.
 

 ¶ 17. The Brookses also claim that Purvis violated the collateral-source rule by offering the evidence related to the social-security benefits. In Mississippi, the collateral-source rule states that “[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the [defendant] in mitigation or reduction of damages.”
 
 Coker v. Five-Two Taxi Serv.,
 
 211 Miss. 820, 826, 52 So.2d 356, 357 (1951). However, we recognize that “[t]he collateral[-]source rule applies only when the indemnity or compensation is for the same injury for which damages are sought.”
 
 Baugh,
 
 767 So.2d at 272 (¶ 11). In
 
 Baugh,
 
 this Court held that:
 

 
 *1173
 
 The mere fact that this earlier injury produced symptoms largely indistinguishable from those symptoms Baugh alleged to have been caused by the wreck does not make them a collateral source of compensation for injuries received in the wreck. To the contrary, evidence of such payments based on assertions of causation in another proceeding by the plaintiff that are inconsistent with her assertions of causation in this case becomes quite probative for the jury in carrying out its duty to determine whether the plaintiff has met her burden of proving that the wreck caused the injuries for which she seeks compensation from the defendant.
 

 Id. See also Geske v. Williamson,
 
 945 So.2d 429, 434 (¶¶ 20-21) (Miss.Ct.App.2006).
 

 ¶ 18. In the present case, the record shows that the Brookses applied for and received social-security-disability payments for injuries arising from a different incident that left Keith with chronic pain and lack of mobility. Additionally, the entries in the applications as to prior injuries and preexisting conditions show a progression in intensity over time, resulting in increased pain and a lack of physical mobility prior to the current accident. Significantly, the record also reflects that Keith testified that his bills from the Veterans Affairs hospital for his preexisting injuries were combined with his bills resulting from the current accident, and he testified that even he could not distinguish between his different bills and treatments. During Keith’s cross-examination, Purvis inquired as to how the fact-finder would distinguish between the bills if Keith himself could not ascertain which bills resulted from the current accident. Significantly, our review of the trial transcript shows that Purvis’s counsel never questioned the Brookses regarding any monetary amount of disability payments received prior to the accident for their preexisting injuries. The record also reflects no quantification of the Brookses’ social-security-disability payments. As a result, we find that the collateral-source rule is inapplicable to the case before us.
 
 See Wright v. Royal Carpet Servs.,
 
 29 So.3d 109, 115 (¶ 14) (Miss.Ct.App.2010) (When evidence of compensation from an independent source is introduced for a purpose other than to mitigate damages, the collateral-source rule is not violated.). Thus, we find that the circuit court did not err in allowing Purvis to present evidence that the Brookses received social-security-disability benefits prior to the automobile accident. We also find that the circuit court did not err in allowing Purvis to question the Brookses regarding the entries on their social-security-disability applications describing their injuries and also the progression of their preexisting injuries prior to the current accident at issue. This issue is without merit.
 

 III. Whether the jury’s award of zero damages for Keith is against the weight of the evidence.
 

 ¶ 19. As their final assignment of error, the Brookses allege that the circuit court erred in denying their motion for a new trial on the ground that the jury’s award of zero damages to Keith was inadequate. They claim that as a result of the automobile accident, Keith suffered an increased pain level and also accumulated medical expenses totaling $18,300.65.
 

 ¶ 20. However, Purvis claims that the award of zero damages for Keith resulted because the jury simply concluded that the injuries alleged by Keith existed before the accident; thus, the injuries were not the result of Purvis’s alleged negligence. Purvis points to Keith’s medical records, which show that before the accident, Keith was living in “chronic pain,” and he was on pain medication. The jury also heard tes
 
 *1174
 
 timony from the parties, as well as videotaped deposition testimony from various experts, including physicians.
 

 ¶ 21. When determining whether a trial court erred in refusing an additur or a new trial, this Court applies an abuse-of-discretion standard of review.
 
 Herring v. Poirrier,
 
 797 So.2d 797, 807 (¶ 33) (Miss.2000). We further note that it “is primarily the province of the jury to determine the amount of damages to be awarded”; thus, the award “will normally not ‘be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.’ ”
 
 Id.
 
 at 808 (¶ 33) (citation omitted). On appeal, “[we] must view the evidence in the light most favorable to the defendant, giving him any favorable inferences that may reasonably drawn therefrom.”
 
 Id.
 

 ¶ 22. In
 
 Herring,
 
 the supreme court held that Joseph Poirrier had introduced evidence at trial, including testimony from physicians stating that Kenneth Herring’s preexisting injuries included back problems and degenerative joint disease, from which the jury could reasonably conclude that Herring’s alleged injuries were not caused by the car accident at issue in the case.
 
 Id.
 
 at (¶ 35). The supreme court further held that Poirrier also had presented evidence from which the jury could reasonably conclude that Herring was not injured.
 
 Id.
 
 at (¶ 36);
 
 see also Hubbard v. Delta Sanitation of Miss.,
 
 64 So.3d 547, 553-56 (¶¶ 25-33) (Miss.Ct.App.2011).
 

 ¶ 23. Similarly, in the case at hand, the record reflects that Purvis presented evidence showing that Keith was living in “chronic pain” before the automobile accident and possessed numerous preexisting physical health conditions. As a result, we find that the jury’s award of zero damages for Keith is supported by the evidence presented at trial. As the supreme court reiterated in
 
 Solanki v. Ervin,
 
 21 So.3d 552, 568 (¶ 41) (Miss.2009), the jury determines the weight and credibility of witnesses. Further, as previously stated, the amount of damages to be awarded is primarily for the jury to determine.
 
 Harvey v. Wall,
 
 649 So.2d 184, 187 (Miss.1995). Additionally, we find nothing in the record that suggests the jury’s decision in the present case reflects bias or prejudice. Therefore, we find the circuit court did not abuse its discretion in denying the Brookses’ motion for a new trial. This issue lacks merit.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ„ CONCUR.